# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| GM GLOBAL TECHNOLOGY OPERATIONS LLC,<br><br>    Plaintiff,<br><br>v.<br><br>QUALITY COLLISION PARTS, INC.,<br><br>    Defendant. | **Case No.: 2:23-cv-13026-JJCG**<br><br>**Honorable Denise Page Hood**<br><br>**Honorable Curtis Ivy Jr.** |
| QUALITY COLLISION PARTS, INC.,<br><br>    Counterclaim-Plaintiff,<br><br>v.<br><br>GENERAL MOTORS COMPANY, INC, GENERAL MOTORS LLC, and GM GLOBAL TECHNOLOGY OPERATIONS LLC,<br><br>    Counterclaim-Defendants. | |

**GENERAL MOTORS' MOTION FOR A PROTECTIVE ORDER TO STAY DISCOVERY CONCERNING QUALITY COLLISION'S COUNTERCLAIMS PENDING THE COURT'S RESOLUTION OF GENERAL MOTORS' MOTION FOR SANCTIONS, ECF NOS. 52-53**

Pursuant to Federal Rule of Civil Procedure 26, General Motors moves this Court for a protective order to stay all of General Motors' discovery obligations concerning Quality Collision's Counterclaims pending the resolution of General Motors' Motion for Sanctions, ECF Nos. 52-53. This includes a stay of written

1

discovery and document production sought of General Motors and its employees, as well as the noticed depositions of Andrea Ankawi, Raphy Yaldo, Tim Gorbatoff, Lorin Allain, Verdell Blackmon, and Drucilla Bookout, and the 30(b)(6) deposition of General Motors on Topics 1-11 and 22-29.

In support of its Motion, General Motors submits the brief filed herewith.

Pursuant to Local Rule 7.1, General Motors has sought concurrence in the relief sought by this Motion. Quality Collision has not concurred.

Accordingly, General Motors respectfully requests that this Court issue an order staying all of General Motors' discovery obligations concerning Quality Collision's Counterclaims pending the resolution of General Motors' Motion for Sanctions, ECF Nos. 52-53.

| | |
|---|---|
| Dated: March 26, 2025 | Respectfully Submitted, |
| | **HONIGMAN LLP** |
| | By: */s/ Dennis J. Abdelnour* |
| | Dennis J. Abdelnour<br>David J. Roulo<br>321 N. Clark St., Ste. 500<br>Chicago, IL 60654<br>(312) 701-9348<br>dabdelnour@honigman.com<br>droulo@honigman.com |
| | J. Michael Huget (P39150)<br>Scott D. Barnett (P82673)<br>Latifa H. Dabaja (P84461) |

2

2290 First National Building
660 Woodward Ave.
Detroit, MI 48226
(313) 465-7000
mhuget@honigman.com
sbarnett@honigman.com
ldabaja@honigman.com

*Attorneys for GM Global Technology Operations, LLC, General Motors, LLC and General Motors Company, Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| GM GLOBAL TECHNOLOGY OPERATIONS LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>QUALITY COLLISION PARTS, INC.,<br><br>　　　　Defendant. | **Case No.:  2:23-cv-13026-JJCG**<br><br>**Honorable Denise Page Hood**<br><br>**Honorable Curtis Ivy Jr.** |
| QUALITY COLLISION PARTS, INC.,<br><br>　　　　Counterclaim-Plaintiff,<br><br>　v.<br><br>GENERAL MOTORS COMPANY, INC, GENERAL MOTORS LLC, and GM GLOBAL TECHNOLOGY OPERATIONS LLC,<br><br>　　　　Counterclaim-Defendants. | |

**GENERAL MOTORS' MOTION FOR A PROTECTIVE ORDER TO STAY DISCOVERY CONCERNING QUALITY COLLISION'S COUNTERCLAIMS PENDING THE COURT'S RESOLUTION OF GENERAL MOTORS' MOTION FOR SANCTIONS, ECF NOS. 52-53**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............... **ERROR! BOOKMARK NOT DEFINED.**

STATEMENT OF THE QUESTIONS PRESENTED ............................................. IV

CONTROLLING AND MOST APPROPRIATE AUTHORITIES ......................... V

I.    INTRODUCTION .................................................................................. 1

II.   BACKGROUND ................................................................................... 1

III.  LEGAL STANDARD ............................................................................ 3

IV.  ARGUMENT ......................................................................................... 3

    A.    There Is Good Cause For A Protective Order Because General Motors's Motion For Sanctions Seeks Dispositive Relief .................... 3

    B.    There Is Good Cause For A Protective Order Because Quality Collision's Pursuit of Discovery On Its Counterclaims Is Solely For Improper Purpose ........................................................................ 5

V.   CONCLUSION ..................................................................................... 7

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Cheatham-Bey v. U.S. Dept. of Justice*,
   No. 08-3148, 2008 WL 4951034 (D. Kan. Nov. 18, 2008)..................................5

*Edwards v. Standard Fed. Bank, NA*,
   No. 08-cv-12146, 2008 WL4771880 (E.D. Mich. Oct. 29, 2008) .......................4

*Gettings v. Building Laborers Local 310 Fringe Benefits Fund*,
   349 F.3d 300 (6th Cir. 2003) ..........................................................................3, 4

*Hilton v. Brooks Cnty Sch. Dist.*,
   No. 7:20-cv-227, 2022 WL 4657701 (M.D. Ga. Sept. 30, 2022) .......................5

*Lotus Indus. LLC v. Archer*,
   No. 2:17-cv-13482, 2018 WL 5808699 (E.D. Mich. Nov. 6, 2018)....................6

*In re Ohio Execution Protocol Litig.*,
   845 F.3d 231 (6th Cir. 2016) .............................................................................3

*Perry Rousseau*,
   No. 18-cv-12914, 2019 WL 3561920 (E.D. Mich. Aug. 6, 2019) ......................4

*Proto Gage, Inc. v. Fed. Ins. Co., Inc.*,
   No. 21-12286, 2022 WL 1598621 (E.D. Mich. May 19, 2022)..........................4

*Ramos-Lopez v. U.S.*,
   22-1029, 2024 WL 531277 (D. P.R. Feb. 8, 2024) .............................................5

*Williams v. Scottrade, Inc.*,
   06-10677, 2006 WL 1722224 (E.D. Mich. June 19, 2006)..............................3, 4

STATEMENT OF THE QUESTIONS PRESENTED

1. Should the Court grant General Motors a protective order to stay discovery regarding Quality Collison's Counterclaims pending resolution of General Motors' co-pending Motion for Sanctions, ECF Nos. 52-53, which seeks dismissal of the Counterclaims and General Motors' costs and fees incurred to date in the defense of the Counterclaims?

General Motors' answer to all: Yes.

Quality Collision's answer to all: Presumably No.

The Court should answer to all: Yes

# CONTROLLING AND MOST APPROPRIATE AUTHORITIES

Fed. R. Civ. P. 26(c)

(c) Protective Orders.

(1) *In General.* A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

(A) forbidding the disclosure or discovery;

(B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;

(C) prescribing a discovery method other than the one selected by the party seeking discovery;

(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;

(E) designating the persons who may be present while the discovery is conducted;

(F) requiring that a deposition be sealed and opened only on court order;

(G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and

(H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

**I.     INTRODUCTION**

Quality Collision's Counterclaims are the subject of a co-pending Motion for Sanctions, ECF No. 52-53 ("Sanctions Motion").  In the Sanctions Motion, General Motors details the litigation misconduct associated with Quality Collision's continued pursuit of its knowingly-baseless Counterclaims.  Given the serious nature of the allegations in the Sanctions Motion, General Motors is seeking all costs and fees associated with its defense of Quality Collision's Counterclaims, as well as entry of judgment against them.

Good cause to issue a Protective Order exists for at least two reasons.  ***First***, if the Court grants the Motion and orders the requested relief, the Counterclaims will be dismissed, and any further discovery effort expended would be unnecessary.  Courts in this District routinely find that the filing of a dispositive motion is good cause for a stay.  ***Second***, because Quality Collision is pursuing Counterclaims that it knows are baseless and destined to fail, it can only be pursuing discovery on them for an improper purpose such as to impose undue burden and cost, and to harass, annoy or oppress.

General Motors thus respectfully requests this Court issue a Protective Order.

**II.    BACKGROUND**

On November 29, 2023, General Motors filed this action against Quality Collision alleging infringement of ten separate design patents.  (ECF No. 1.)

1

On February 1, 2024, along with its Answer, Quality Collision filed three Counterclaims against General Motors. (ECF No. 19.) The Court dismissed one, leaving two of the Counterclaims pending.

Discovery in this case commenced in October 2024, and is set to close on June 2, 2025. (ECF No. 39.)

Filed concurrently with this Motion is a Sanctions Motion describing how, just days after it filed its Counterclaims, Quality Collision was provided evidence from the Federal Government that flatly contradicted those Counterclaims, leaving the continued pursuit of them meritless. (ECF No. 52-53.)

Since the opening of fact discovery, Quality Collision has refused to engage in meaningful discovery on General Motors' affirmative claims of design patent infringement, requiring General Motors to file multiple discovery motions. (ECF Nos. 42 and 50.)

By sharp contrast, Quality Collision has aggressively pursued discovery concerning the issues and facts relevant to its Counterclaims. Currently, in addition to written and document discovery that may be pending on the Counterclaims, Quality Collision has noticed the depositions of General Motors employees Andrea Ankawi, Raphy Yaldo (both of whom were named in the Counterclaims), and Tim Gorbatoff (General Motors' former in-house counsel) and government agents Lorin Allain, Verdell Blackmon, and Drucilla Bookout. It also noticed a 30(b)(6)

deposition of General Motors with Topics 1-11 and 25-29 only concerning the Counterclaims.

## III. LEGAL STANDARD

"Under Federal Rule of Civil Procedure 26(c)(1), a district court may grant a protective order preventing the production of discovery to protect a party or entity from 'annoyance, embarrassment, oppression, or undue burden or expense.'" *In re Ohio Execution Protocol Litig.*, 845 F.3d 231, 235 (6th Cir. 2016) (quoting Fed. R. Civ. P. 26(c)(1)).

"To sustain a protective order under Rule 26(c), the moving party must show 'good cause' for protection from one (or more) harms identified in Rule 26(c)(1)(A) . . . annoyance, embarrassment, oppression, or undue burden or expense." *Id.* at 236. "Good cause exists if specific prejudice or harm will result from the absence of a protective order." *Id.* (internal citations and quotations omitted). "Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Gettings v. Building Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003).

## IV. ARGUMENT

### A. There Is Good Cause For A Protective Order Because General Motors' Motion For Sanctions Seeks Dispositive Relief

"It is settled that entry of an order staying discovery pending determination of dispositive motions is an appropriate exercise of the court's discretion." *Williams v.*

3

*Scottrade, Inc.*, 06-10677, 2006 WL 1722224, at *1 (E.D. Mich. June 19, 2006) (staying discovery pending a motion to dismiss). Courts in this district routinely find good cause for a protective order when a dispositive motion is pending. *See Proto Gage, Inc. v. Fed. Ins. Co., Inc.*, No. 21-12286, 2022 WL 1598621, at *5 (E.D. Mich. May 19, 2022) (finding good cause for a protective order pending resolution of a dispositive motion); *see also Perry Rousseau*, No. 18-cv-12914, 2019 WL 3561920, at *4 (E.D. Mich. Aug. 6, 2019) (same); *Edwards v. Standard Fed. Bank, NA*, No. 08-cv-12146, 2008 WL4771880, at *1 (E.D. Mich. Oct. 29, 2008) (same).

Here, General Motors' Sanctions Motion details serious misconduct, and asks the Court to exercise its inherent authority to enter judgment against Quality Collision on its Counterclaims. Because the relief sought would be dispositive, the Sanctions Motion should be treated as a dispositive one, and good cause exists for a protective order halting discovery on those Counterclaims pending resolution of the Sanctions Motion. The reason Courts find good cause to stay discovery pending a potentially dispositive result is that if the motion is granted such discovery would have been unnecessary. *See Gettings*, 349 F.3d at 304 ("Limitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'") (internal citation omitted); *Williams*, 2006 WL 1722224, at *2 (staying discovery because granting dispositive relief "will render Plaintiff's discovery requests moot").

4

Courts around the country also routinely grant stays of discovery pending motions for sanctions. *See Ramos-Lopez v. U.S.*, 22-1029, 2024 WL 531277, at *2 (D. P.R. Feb. 8, 2024) ("The Court granted the defendant's request and stayed discovery pending resolution of the two motions for sanctions."); *Hilton v. Brooks Cnty Sch. Dist.*, No. 7:20-cv-227, 2022 WL 4657701, at *2 (M.D. Ga. Sept. 30, 2022) ("The Court stayed discovery pending resolution of Plaintiff's motion for sanctions").

Accordingly, there is good cause for a Protective Order to prevent wasteful and unnecessary discovery on claims that should not survive the Sanctions Motion.

### B. There Is Good Cause For A Protective Order Because Quality Collision's Pursuit of Discovery On Its Counterclaims Is Solely For Improper Purpose

As set forth in the Sanctions Motion, just days after filing its Counterclaims, Quality Collision was made aware of evidence that undermined its ability to succeed on the Counterclaims. Despite that, Quality Collision pressed ahead in pursuit of claims it knew to be baseless.

But the aggressive pursuit of discovery on claims that a party knows are baseless can only be done for improper purpose. *Cheatham-Bey v. U.S. Dept. of Justice*, No. 08-3148, 2008 WL 4951034, *5 (D. Kan. Nov. 18, 2008) ("Plaintiff is not entitled to discovery or an evidentiary hearing on utterly frivolous claims"). Whether Quality Collision's purpose is to impose undue burden and cost on General

5

Motors, or to harass General Motors and its employees, either way, good cause exists to protect General Motors from such discovery. *See Lotus Indus. LLC v. Archer*, No. 2:17-cv-13482, 2018 WL 5808699, at *1 (E.D. Mich. Nov. 6, 2018) (granting a protective order where "Plaintiff and his counsel's continued, bad faith, abuse of the discovery process necessitates issuance of a protective order").

Here, important public policy reasons give even more reason for entry of an order protecting General Motors and its witnesses from unnecessary, harassing discovery. As set forth broadly in Quality Collision's Counterclaims, and as admitted in Quality Collision's separate filings (ECF No. 51), the Federal Government has an open, ongoing investigation and case against Quality Collision for criminal counterfeiting activity. At the government's request, brand owners like General Motors, Ford, and Stellantis, provided assistance in the government's investigation. Quality Collision's Counterclaims assert that General Motors should face civil liability for its role in assisting the government investigation. And Quality Collision's continued pursuit of baseless claims reek of attempting to impose retribution against the entity and individuals involved in assisting the government investigation. Not only is that a reasonable inference under the circumstances, given the facts set forth in the Sanctions Motion, it appears to be the only inference.

This Court should condemn such action in the strongest possible terms.[1]

## V.  CONCLUSION

For the reasons stated above, this Court should grant General Motors' Motion for a Protective Order and stay discovery related to Quality Collision's Counterclaims pending resolution of General Motors' Sanctions Motion, ECF No. 52-53.

Dated: March 26, 2025                    Respectfully Submitted,

**HONIGMAN LLP**

By: */s/ Dennis J. Abdelnour*

Dennis J. Abdelnour
David J. Roulo
321 N. Clark St., Ste. 500
Chicago, IL 60654
(312) 701-9348
dabdelnour@honigman.com
droulo@honigman.com

J. Michael Huget (P39150)
Scott D. Barnett (P82673)
Latifa H. Dabaja (P84461)
2290 First National Building
660 Woodward Ave.
Detroit, MI 48226
(313) 465-7000

---

[1] Ironically, Quality Collision filed its own motion asking the Court to stay *General Motors' discovery of Quality Collision.* Although General Motors will oppose the motion as it relates to discovery on General Motors' affirmative patent infringement claims, Quality Collision itself appears to believe a stay on its Counterclaims should issue—albeit for a very different reason, i.e., so Quality Collision does not further incriminate itself in these proceedings.

7

        mhuget@honigman.com
        sbarnett@honigman.com
        ldabaja@honigman.com

*Attorneys for GM Global Technology Operations, LLC, General Motors, LLC and General Motors Company, Inc.*

8

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on March 26, 2025.

*/s/ Dennis J. Abdelnour*

*Attorney for GM Global Technology Operations, LLC, General Motors, LLC and General Motors Company, Inc.*