UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GM Global Technology Operations, LLC,

      Plaintiff,

v.

Quality Collision Parts, Inc.,

      Defendant.

_____

Quality Collision Parts, Inc.,

      Counterclaim-Plaintiff,

v.

General Motors Company, Inc.,
General Motors, LLC, and
GM Global Technology Operations, LLC,

      Counterclaim-Defendants.

Case No. 23-cv-13026

HON. DENISE PAGE HOOD
MAG. CURTIS IVY, JR.

_____

## **POWER AUTO PARTS' MOTION TO QUASH NON-PARTY SUBPOENA**

Power Auto Parts, Inc., represented by The Rubinstein Law Firm moves this Honorable

Court to quash Plaintiff GM Global Technology Operations' subpoena directed to Power Auto

Parts Inc ("PAP") and Alden Hermez (i) subpoena directed to Power Auto Parts Inc ("PAP") and

Alden Hermez  was improperly served, on a sales desk clerk and not on the person named i.e.

Alden Hermez, (ii) did not tender fees for attendance and mileage  (iii)Compliance with the

subpoena, if enforced, would impose an undue burden, excessive expense and legal fees (which

is Plaintiff's goal to break PAP, in violation of  Fed. R.Civ. P. 45(d))(1) and (iv) along with

insufficient time to produce the documents requested in the 15 page subpoena see exhibit A attached.

## Certificate of Compliance with E.D. Mich LR 5.1(a)

I certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for block quotes and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

Respectfully Submitted,

/s/Jan Jeffrey Rubinstein
Jan Jeffrey Rubinstein (57937)

## Table of Contents

**Page**

Table of Contents………………………………………………………iii

Index of Authorities……………………………………………….……iv

Brief in Support………………………………………………….…..1

Statement of the Issue Presented……………………………………....1

Controlling Authority for Relief Sought…………..……………...…………..2

Statement of Facts…………………………………………………....2

Argument……………………………………………………....3

Conclusion………………………………………………………4

Certificate of Service………………………………………………....4

## Index of Authorities

**Case**                                                                 **Page**

*Hill v. Homeward Residential*, 799 F.3d 544 (6th Cir. 2015)............................1

*Oceanfirst Bank v. Hartford Fire Ins. Co.*, 794 F. Supp. 2d 752
(E.D. Mich. 2011).......................................................................................2

*Robertson v. Dennis* (In re Dennis), 330 F.3d 696 (5th Cir. 2003)......................3

**G.D. & R.D. obo G.D. v. Utica Community Schools**, No. 2:2020cv12864
 (E.D. Mich. 2021)…………………………………………………………4

Mirmina v. GenpactLLC, No. 3:16CV00614(AWT), 2017 WL 2559733, at *3
 (D. Conn. June 13, 2017…………………………………………………….4

## Federal Rules of Civil Procedure

Fed. R. Civ. P. 45...............................................................................................1, 2

Fed. R. Civ. P.26 (g)(1)(B)(iii)………………………………………………..3

## BRIEF IN SUPPORT OF
## POWER AUTO PARTS' MOTION TO QUASH NON-PARTY SUBPOENA

### Statement of the Issue Presented

I.       Plaintiff GM Global Technology Operations' subpoena to non-party Power Auto Parts,

Inc should be quashed because (i) subpoena directed to Power Auto Parts Inc ("PAP") and Alden

Hermez  was improperly served, on a sales desk clerk and not on the person named i.e. Alden

Hermez, (ii) did not tender fees for attendance and mileage  (iii)Compliance with the subpoena,

if enforced, would impose an undue burden, excessive expense and legal fees (which is

Plaintiff's goal to break PAP, in violation of  Fed. R.Civ. P. 45(d))(1) and (iv) along with

insufficient time to produce the documents requested in the 15 page subpoena .

### Controlling Authority for Relief Sought

The relief sought in this Motion is supported by Fed R. Civ. P. 45(b)(1) and (D)(1) and

*Hill v. Homeward Residential*, 799 F.3d 544 (6th Cir. 2015), as discussed later in the Brief.

### Statement of Facts

Plaintiff GM Global Technology Operations issued a May 9, 2025 subpoena to non-party

Power Auto Parts, Inc. and Alden Hermez (Exhibit A – Subpoena). The subpoena was directed

to, and named, Alden Hermez, who is the owner and registered agent of Power Auto. *Id*. The

subpoena directed Hermez to appear for deposition on May 29, 2025, and to produce requested

documents. *Id*.

Plaintiff GM Global directed the service of the subpoena; however, the subpoena was not

served upon Hermez. Instead, it was left at his registered agent office with a sales desk clerk i.e.

low-level employee of the company. Hermez was not present when the process server dropped

off the 15 page subpoena.

1

Additionally, GM Global did not tender a fee for Hermez' attendance at the deposition or his mileage allowance.

## Argument

The Federal Rules of Civil Procedure provide parties with the power to issue subpoenas. "Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1).

"The longstanding interpretation of Rule 45 has been that personal service of subpoenas is required." *Oceanfirst Bank v. Hartford Fire Ins. Co.*, 794 F. Supp. 2d 752, 754 (E.D. Mich. 2011) (citations omitted) (collecting cases from multiple districts and holding that alternate service is permitted "only after the party requesting the accommodation diligently attempted to effectuate personal service.").

The Sixth Circuit Court of Appeals affirmed a district court's decision to quash a subpoena, in part, because it was not served on the person named in the subpoena and it did not tender attendance fees. *Hill v. Homeward Residential*, 799 F.3d 544, 552-53 (6th Cir. 2015).

That is the circumstance here. GM Global did not properly serve Alden Hermez, who was specifically named in the subpoena. Additionally, GM Global did not tender a fee for Hermez's attendance at the deposition or his mileage allowance. GM Global's service was defective. "[P]roper service requires not only personal delivery of the subpoena to the person named in the Subpoena, but also tendering of the witness fee and a reasonable mileage allowance." *Robertson v. Dennis* (In re Dennis), 330 F.3d 696, 704–705 (5th Cir. 2003) (affirming the district court's decision to quash a subpoena for not providing a mileage allowance that would have been less than five dollars).

Compliance with the subpoena, if enforced, would impose an undue burden, excessive expense and legal fees (which is Plaintiff's goal to break PAP, in violation of Fed. R.Civ. P. 45(d))(1) and along with insufficient time to produce the documents requested in the 15 page subpoena . Fed. R. Civ. P.26(g)(1)(B)(iii) mandates that the discovery must be "…neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action." Clearly Plaintiff has set out to abuse the discovery process against the sole owner of a company that has operated less than two years.

Further, the request for documents consistently requests the production of "all documents" in 9 of the 19 categories of documents which courts have held are inappropriate. The case **G.D. & R.D. obo G.D. v. Utica Community Schools**, No. 2:2020cv12864 (E.D. Mich. 2021), addresses various discovery motions, including the quashing of a subpoena served on a non-party. In that case the Court cites Mirmina v. GenpactLLC, No. 3:16CV00614(AWT), 2017 WL 2559733, at *3 (D. Conn. June 13, 2017) ("any and all" document requests relating to a subject matter are overbroad and unduly burdensome).

## Conclusion

WHEREFORE, Power Auto Parts, Inc., moves this Honorable Court to quash Plaintiff GM Global Technology Operations' non-party subpoena.

Respectfully submitted,

/s/Jan Jeffrey Rubinstein
Jan Jeffrey Rubinstein (P57937)

**Certificate Of Service**

I certify that on May 27, 2025 the above Motion was filed with the Clerk of the Court

using the CM/ECF system, which will send notification of such filing to the parties of record.

/s/Jan Jeffrey Rubinstein
Jan Jeffrey Rubinstein (P57937)

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

GM GLOBAL TECHNOLOGY
OPERATIONS LLC,

        Plaintiff,

   v.

QUALITY COLLISION PARTS, INC.,

        Defendant.

_____

QUALITY COLLISION PARTS, INC.,

        Counterclaim-Plaintiff,

   v.

GENERAL MOTORS COMPANY,
INC, GENERAL MOTORS LLC, and
GM GLOBAL TECHNOLOGY
OPERATIONS LLC,

        Counterclaim-Defendants.

Case No.: 2:23-cv-13026-DPH-CI

Honorable Denise Page Hood

Honorable Curtis Ivy, Jr.

## GM'S NOTICE OF SUBPOENA TO TESTIFY AT A DEPOSITION

PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff GM Global Technology Operations, LLC, and Counterclaims Defendants General Motors Company, Inc., and General Motors, LLC ("GM") has issued a subpoena to testify at a deposition and produce documents on deponent:

Power Auto Parts, Inc.
5523 E. Nine Mile Rd.
Warren, MI 48091

The subpoena requests the above-listed recipient to produce documents and sit for a deposition as indicated on date and time noted on the subpoena at the offices of Honigman LLP, 600 Woodward Ave #2290, Detroit, MI 48226.

Dated:  May 9, 2025

Respectfully Submitted,

**HONIGMAN LLP**

By: */s/ Dennis J. Abdelnour*
Dennis J. Abdelnour
David J. Roulo
321 N. Clark St., Ste 500
Chicago, IL 60654
(312) 701-9348
dabdelnour@honigman.com
droulo@honigman.com

J. Michael Huget (P39150)
Scott D. Barnett (P82673)
Latifa H. Dabaja (P84461)
2290 First National Building
660 Woodward Ave.
Detroit, MI 48226
(313) 465-7000
mhuget@honigman.com
sbarnett@honigman.com
ldabaja@honigman.com

*Attorneys for GM Global*
*Technology Operations, LLC,*
*General Motors, LLC and*
*General Motors Company*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that all counsel of record were served with a copy of this document on May 9, 2025 via electronic mail.


By: */s/ Dennis J. Abdelnour*

*Attorney for GM Global Technology Operations, LLC, General Motors, LLC and General Motors Company, Inc.*

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

Eastern District of Michigan ▾

| | |
|---|---|
| GM Global Technology Operations LLC | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  2:23-cv-13026 |
| Quality Collision Parts Inc. | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Power Auto Parts, Inc. c/o Alden Hermez, Registered Agent
5523 E. Nine Mile Rd., Warren, MI 48091

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Honigman LLP | Date and Time: |
|---|---|
| 600 Woodward Ave #2290, Detroit MI 48226 | 05/29/2025 10:00 am |

The deposition will be recorded by this method:  Court Reporter and Videographer

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  See Attachment A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  05/09/2025

CLERK OF COURT

OR

_____          /s/ Dennis J. Abdelnour
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
GM Global Technology Operations, LLC _____ , who issues or requests this subpoena, are:
Dennis J. Abdelnour, Honigman LLP, 321 N. Clark St., Ste. 500, Chicago, IL 60654, dabdelnour@hongiman.com
312-701-9348

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 2:23-cv-13026

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                              *Server's signature*

                                      _____
                                              *Printed name and title*

                                      _____
                                              *Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| GM GLOBAL TECHNOLOGY OPERATIONS LLC, | Case No.: 2:23-cv-13026-DPH-CI |
| Plaintiff, | |
| v. | Honorable Denise Page Hood |
| QUALITY COLLISION PARTS, INC., | Honorable Curtis Ivy, Jr. |
| Defendant. | |
| QUALITY COLLISION PARTS, INC., | |
| Counterclaim-Plaintiff, | |
| v. | |
| GENERAL MOTORS COMPANY, INC, GENERAL MOTORS LLC, and GM GLOBAL TECHNOLOGY OPERATIONS LLC, | |
| Counterclaim-Defendants. | |

## ATTACHMENT A TO SUBPOENA TO POWER AUTO PARTS, INC.

Pursuant to Federal Rule of Civil Procedure 45, Power Auto Parts, Inc. is ordered to produce and permit the inspection and copying of documents, information, and things that are in its possession, custody, or control, in response to the requests listed in **Attachment A**. Please produce such documents, information, and things to Honigman LLP, Attn: Latifa Dabaja, 600 Woodward Ave #2290,

1

Detroit, MI 48226, or by email to ldabaja@honigman.com by May 26, 2025, at 5:00 p.m. EST.

## **DEFINITIONS**

1. The terms "You," "Your," and "Power Auto," mean Power Auto Parts, Inc. and its officers, directors, employees, partners, corporate parent, or subsidiaries.

2. The term Quality Collision means Defendant Quality Collision Parts, Inc. and its officers, directors, employees, partners, corporate parent, subsidiaries, or Affiliated Companies.

3. "Affiliated Companies" means all companies affiliated in any way with Quality Collision, including but not limited to its parent companies and other persons that have a direct or indirect interest in Quality Collision, subsidiary, sister companies, and other persons that share common shareholders, divisions, groups, affiliates, partners, joint ventures, predecessors (merged, acquired, or otherwise), successors, and/or assigns.

4. The term "GM" means General Motors, LLC, General Motors Company, Inc., GM Global Technology Operations, LLC, and their officers, directors, employees, partners, corporate parent, subsidiaries, including but not limited to any entity that sells or manufactures vehicles and/or vehicle parts associated with any of the aforementioned entities.

2

5. The term "Asserted GM Patents" means United States Patent Nos. D670,840, D843,025, D807,241, D805,964, D811,954, D811,964, D826,114, D800,615, D867,939, and D777,622.

6. The term "Accused Products" means Quality Collision's parts for the 1997-present Chevrolet Malibu, including the 2013-present Chevrolet Malibu headlights and the 2019-2020 Chevrolet Malibu fascia, parts for the 2005-present Chevrolet Equinox, including the 2018-2021 Chevrolet Equinox grilles and the 2019-2021 Chevrolet Equinox front bumpers, parts for the 2008-present Chevrolet Cruze, including the 2019 Chevrolet Cruze grille and the 2016-2019 Chevrolet Cruze hood, parts for the Buick LaCrosse, including the 2017-2019 Buick LaCrosse grilles, parts for the Buick Encore, including the 2017-2022 Buick Encore grilles and the 2017-2022 Buick Encore fascia. These include Part Nos. GM2502364, GM2503364, GM2502400, GM2503400, GM2502362, GM2503362, GM2502363, GM2503363, GM2502426, GM2503426, GM2502498, GM2503498, GM2502503, GM2503503, ASYA37, ASYA37A, ASYA37B, GM1000A37, GM1000A37C, GM1000A38, GM1000A38C, GM1200760, GM760B, GM1014130, GM1014130C, GM1015133, GM1015133C, GM1015149, GM1015149C, ASY4130, ASY4130A, ASY4130B, ASY4130C, ASYA35, ASYA36CV, GM1200817, GM1200825, GM1230443, ASYA16, GM1200749, ASY4127, ASY4127A, ASY4128, GM1015150, GM1015150C, GM1014128, GM1014128C,

3

GM1014129, GM1014129C, GM1014127, GM1014127C, GM1200755, GM1200685, FZ1109, and any related parts.

7. The terms "document" or "documents" is synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of this term. A request for production of 'documents' shall encompass, and the response shall include, electronically stored information, as included in Federal Rule of Civil Procedure 34, unless otherwise specified by the requesting party.

8. The terms "communication" or "communications" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), including but not limited to letters, emails, text messages, social media messages, online chats, and facsimiles.

9. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

10. The terms "and," "or," and "and/or" shall be construed in the conjunctive or the disjunctive, whichever makes the request more inclusive.

11. The singular of any word or phrase shall include the plural of such word or phrase.

12. The plural form of any word or phrase shall include the plural of such word or phrase.

# INSTRUCTIONS

1.      These requests apply to all documents and communications in Power Auto's possession, custody, or control and/or possession, custody, or control of any of Power Auto's employees, agents, corporations, parent or subsidiary corporations, and/or divisions.

2.      In producing documents or tangible things pursuant to these requests, Power Auto must conform to the requirements of Rule 34(b) of the Federal Rules of Civil Procedure. This means that Power Auto shall produce documents as they are kept in the usual course of business and shall organize or label the documents to correspond with the categories in the document requests.

3.      If multiple copies or versions of a document exist, all non-identical copies must be produced.

4.      Where a request for production seeks information not known to Power Auto, or documents or tangible things not in Power Auto's possession, Power Auto is instructed to: identify the person(s) having such knowledge or possessing the requested documents or tangible things.

5.      If Power Auto withholds any documents or tangible things under a claim of privilege to any request(s), please provide in the response to such request(s) a privilege log and/or redaction log identifying each document or tangible thing from which the privilege is claimed, including the following information:

(1)     The type of document or electronically stored information;

(2)     The general subject matter of the document or electronically stored information;

(3)     The date of the document or electronically stored information;

(4)     The author of the document or electronically stored information; and

(5)     Each recipient of the document or electronically stored information.

6.      Electronically stored information (ESI) shall be produced in accordance with the ESI Order that has been entered in this Litigation, attached as **Attachment B**.

7.      If a document responsive to any request is no longer in Power Auto's possession, custody, or control, because it has been discarded, or lost, or for any other reason, provide the following information with regard to such document: i) the date that the document was written, prepared, generated, or sent; ii) the name(s) and address(es) of the author(s) and any addressee(s); iii) the names and addresses of all person(s) receiving copies of the document; iv) the subject matter of the document; v) the reason(s) such document was discarded, destroyed, or is no longer in Your possession, custody, or control; and vi) if discarded or destroyed, the names of those individuals who authorized or approved the decision to discard or destroy such

document (if no individuals authorized or approved the decision to discard or destroy such document, indicate that no such authorization was given), the names of those individuals who discarded or destroyed such document, and the date on which such document was discarded or destroyed.

8.      Electronic documents such as Excel, Access, database records, audio files (such as voice mail), and video files shall be produced in their native formats, with an accompanying load file, including defined metadata. Responsive emails should be produced in a format that retains the parent/child relationship, with an accompanying load file, including extracted text and defined metadata.

9.      Responsive hard-copy documents shall be produced electronically in searchable .pdf or .tiff format. In scanning paper documents, distinct documents should not be merged into a single record, and single documents should not be split into multiple records (i.e. paper documents should be logically unitized).

10.     Power Auto may designate the confidentiality of documents in accordance with the Protective Order entered in this case, attached as **Attachment C**.

## REQUESTS FOR PRODUCTION

1.    All documents and communications concerning the formation of Power Auto.

2.    All documents and communications concerning the business purpose of Power Auto.

3.    Power Auto's organizational documents, including without limitation its articles of incorporation, annual reports, and bylaws.

4.    Documents sufficient to show all individuals and entities that own any share of Power Auto.

5.    Documents sufficient to identify all members of the Board of Directors of Power Auto.

6.    Documents sufficient to show all officers of Power Auto.

7.    Documents sufficient to show the management structure of Power Auto, including without limitation, Power Auto's organizational charts.

8.    Documents sufficient to identify all employees of Power Auto.

9.    Power Auto's federal, state, and local tax returns.

10.    Documents sufficient to show Power Auto's financial performance on a yearly basis, including but not limited to income statements, balance sheets, profit and loss statements, and financial statements.

11.    All documents concerning the type of products Power Auto sells.

8

12. All documents concerning the type of customer to which Power Auto sells its products.

13. All documents concerning all GM replacement parts sold by Power Auto.

14. All documents and communications concerning any sale of a GM replacement part by Power Auto.

15. Documents sufficient to identify each of Power Auto's suppliers for any GM replacement parts it sells.

16. All documents and communications concerning Power Auto's acquisition of any GM replacement parts.

17. Documents and communications concerning GM.

18. All documents and communications concerning Quality Collision.

19. All documents and communications concerning and transfer of money or assets from Quality Collision to Power Auto.

## DEPOSITION TOPICS

1.    The formation of Power Auto.

2.    The business of Power Auto.

3.    The organization, management, and ownership of Power Auto.

4.    The financial performance of Power Auto.

5.    Products sold by Power Auto, including GM replacement parts.

6.    Acquisition and sale of products by Power Auto, including acquisition and sale of GM replacement parts.

7.    The Accused Products, including the manufacture, supply, distribution, acquisition, sale, offer for sale, design, and use.

8.    Customers of Power Auto.

9.    Quality Collision, including any relationship between Power Auto and Quality Collision and any transfer of money and assets from Quality Collision to Power Auto.


Dated: May 9, 2025                    Respectfully Submitted,

                                      **HONIGMAN LLP**

                                      By: /s/ *Dennis J. Abdelnour*

                                      Dennis J. Abdelnour
                                      David J. Roulo
                                      155 N. Wacker Drive, Ste. 3100
                                      Chicago, IL 60606-1734

(312) 701-9348
dabdelnour@honigman.com
droulo@honigman.com

J. Michael Huget (P39150)
Scott D. Barnett (P82673)
Latifa H. Dabaja (P84461)
2290 First National Building
660 Woodward Ave.
Detroit, MI 48226
(313) 465-7000
mhuget@honigman.com
sbarnett@honigman.com
ldabaja@honigman.com

*Attorneys for GM Global Technology
Operations, LLC, General Motors, LLC
and General Motors Company, Inc.*

11

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned attorney hereby certifies that all counsel of record who are

deemed to have consented to electronic service are being served with a copy of this

document via e-mail on May 9, 2025.


*/s/ Dennis J. Abdelnour*

*Attorney for GM Global Technology
Operations, LLC, General Motors,
LLC and General Motors Company,
Inc.*

## Attachment B

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| GM GLOBAL TECHNOLOGY OPERATIONS LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>QUALITY COLLISION PARTS, INC.,<br><br>        Defendant. | Case No.:  2:23-cv-13026-JJCG<br><br>Honorable Denise Page Hood |
| QUALITY COLLISION PARTS, INC.,<br><br>        Counterclaim-Plaintiff,<br><br>    v.<br><br>GENERAL MOTORS COMPANY, INC, GENERAL MOTORS LLC, and GM GLOBAL TECHNOLOGY OPERATIONS LLC,<br><br>        Counterclaim-Defendants. | |

### STIPULATED ESI ORDER

**WHEREAS**, Plaintiff/Counterclaim-Defendant GM Global Technology Operations LLC and Counterclaim-Defendants General Motors Company and General Motors LLC and Defendants/Counterclaim-Plaintiff Quality Collision Parts, Inc. (collectively, the "Parties") are engaged in litigation in the above-captioned matter;

**WHEREAS,** the Parties mutually seek to reduce the time, expense and other burdens of discovery, as described further below, and to better define the scope of their obligations with respect to preserving, collecting, and producing discoverable information and materials;

The Parties stipulate as follows:

Except as noted below, the Parties agree that the following instructions ("Instructions") apply to the production of ESI, including e-mail, mobile data, messaging data, including social media, WeChat and Whatsapp chats, collaboration tool messaging, such as Teams, Slack, etc., and other electronic documents, and "paper" documents in an electronic format. If responsive data sources exist outside of the previously described formats, e.g. structured data, ERP or CRM software systems, then the parties will meet and confer on production format, The Parties agree that the principles of cooperation, transparency, and proportionality as set forth in Federal Rule of Civil Procedure 26(b) will guide their application of the Instructions. The Parties agree to meet and confer in good faith to resolve any disputes arising under these Instructions. The Parties agree that they may bring these Instructions to the Court's attention to the extent that they are unable to resolve any such dispute after a good faith meet and confer.

2

## 1. GENERAL PROVISIONS

### a.    Cooperation

Parties are expected to reach agreements cooperatively on how to conduct discovery under Fed. R. Civ. P. 26-36.

### b.    Proportionality

Parties are expected to use reasonable, good faith and proportional efforts to preserve, identify and produce relevant information[1]. This includes identifying appropriate limits to discovery, including limits on custodians, identification of relevant subject matter, time periods for discovery and other parameters to limit and guide preservation and discovery issues.

### c.    Preservation Of Discoverable Information

A party has a common law obligation to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody or control.

Absent a showing of good cause by the requesting party, the Parties shall not be required to modify, on a going-forward basis, the procedures used by them in the ordinary course of business to back up and archive data; provided, however, that the

---

[1] Information can originate in any form, including ESI and paper, and is not limited to information created or stored electronically.

3

Parties shall preserve the non-duplicative discoverable information currently in their possession, custody or control.

### d.    Privilege

(i)    The Parties are to confer on the nature and scope of privilege logs for the case, including whether categories of information may be excluded from any logging requirements and whether alternatives to document-by-document logs can be exchanged.

(ii)    With respect to information generated after the filing of the complaint in this action, Parties are not required to include any such information in privilege logs.

(iii)    Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

(iv)    The Proposed Stipulated Protective Order submitted in this case shall apply, including with regard to inadvertent production.

### e.    Rolling Production

Documents responsive to discovery requests will be produced by forwarding them to opposing counsel in the agreed ESI format as soon as practical after they are available, without awaiting the completion of processing of other documents responsive to a request for production. The Parties will in good faith work to

complete their production of documents to the unobjected scope of an opponent's request.

## 2. DISCLOSURE OF ESI SOURCES

Pursuant to the Scheduling Order (ECF No. 34) the parties will exchange initial disclosures under Fed. R. Civ. P. 26(a)(1) by October 14, 2024, and expect to list custodial and non-custodial data sources therein. To the extent additional sources are identified during discovery, searches of additional custodial and non-custodial data sources may be allowed, and the Parties will meet and confer in good faith in an attempt to address a party's assertion that additional data sources should be searched.

### a.   Notice

The Parties shall identify any issues relating to:

(i)   Any ESI (by type, date, custodian, electronic system or other criteria) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(C)(i).

(ii)   Third-party discovery under Fed. R. Civ. P. 45 and otherwise, including the timing and sequencing of such discovery.

(iii)   Production of information subject to privacy protections, including information that may need to be produced from outside of the United States and subject to foreign laws.

Lack of proper notice of such issues may result in a party losing the ability to pursue or to protect such information.

### 3. SPECIFIC E-DISCOVERY ISSUES

#### a. On-Site Inspection Of Electronic Media

Such an inspection shall not be permitted absent a demonstration by the requesting party of specific need and good cause.

#### b. Search Methodology

The Parties shall exchange proposed search terms prior to the review of ESI. The Parties shall meet and confer to resolve any issues related to the proposed search terms.

Notwithstanding any provision or protocol herein, the parties reserve the right to move the Court for the production of additional ESI for good cause.

#### c. Format

The producing party must preserve the integrity of the underlying ESI, i.e., the original formatting, the metadata (as noted below) and, where applicable, the revision history. The parties shall produce their information in the following format: 300 DPI single page TIFF images and associated multi-page text files containing extracted text or OCR with Concordance (.DAT) and Opticon (.OPT) load files containing all requisite information including relevant metadata. Documents should be produced color-for-color in 300 DPI single-page JPEG format. If produced

documents is illegible or difficult to read, the parties will meet in good faith to resolve by providing the native file, a color image version, or a higher resolution image.

Images and text should include hidden data, such as Track Changes, User Comments, Hidden Slides, Slide Notes, Display Name (Email) and SMTP address (Email). Documents shall be provided in native format where there are Track Changes, User Comments, Hidden Slides, or Slide Notes. Email shall include Display Name and SMTP address.

### d. Native Files

The only files that should be produced in native format are proprietary files that are otherwise not viewable, and files not easily converted to image format, such as Audio/Video, Excel and Access files.

### e. Metadata Fields

The parties are obligated to provide the following metadata for all ESI produced, to the extent such metadata exists: Custodian, All Custodians File Path, Email Subject, Conversation Index, From, To, CC, BCC, Date/Time Sent, Date/Time Received, Filename, (non-email) Author, Date/Time Created, Date/Time Modified, MD5 Hash, File Size, File Extension, Confidentiality Designation, Redaction Designation (Y for redacted documents), Bates Begin, Bates End, Bates Begin Attachment, Bates End Attachment (or the equivalent thereof),

Sender/Recipient fields should include Display Name and SMTP address to the extent it exists. Extracted Text Path (the path to the extracted text/OCR file on the deliverable media) and Native File Path (the path to the native file on the deliverable media).

**f.     ESI De-Duplication**

Prior to producing ESI, the Parties may remove ("de-dupe") any duplicative documents on a family basis across all sources of ESI, such that only one copy of any ESI document need be produced. As an example, no party shall remove through de-duplication any attachment to any email, regardless of whether the attachment is duplicative of any other document, but the parties may de-duplicate emails that are identical.  De-duplication for review followed by re-duplication for production is not allowed.

**g.     Electronic Bates Convention**

The electronic Bates numbering shall be a unique number common to each page. Format should be: PREFIX and numeric digits (e.g., PRE0000001). The numbering convention shall be consistent throughout the rolling production.  E-mail attachments shall be produced and Bates numbered consecutively subordinate to the "parent" e-mail or other parent items so that the family (parent/child) relationship is maintained.

AGREED AND STIPULATED TO:

October 11, 2024

By: /s/ Dennis J. Abdelnour

**HONIGMAN LLP**

Dennis J. Abdelnour
155 N. Wacker Drive, Ste. 3100
Chicago, IL 60606-1734
(312) 701-9348
dabdelnour@honigman.com

J. Michael Huget (P39150)
Scott D. Barnett (P82673)
Latifa H. Dabaja (P84461)
2290 First National Building
660 Woodward Ave.
Detroit, MI 48226
(313) 465-7000
mhuget@honigman.com
sbarnett@honigman.com
ldabaja@honigman.com

*Attorneys for GM Global Technology Operations, LLC, General Motors, LLC and General Motors Company, Inc.*

/s/ Joseph W. Barber

Andrew M. Grove (P48868)
Gerald E. McGlynn III (P41149)
Kristopher K. Hullinberger (P66903)
Joseph W. Barber (P82728)
Dane M. Lepola (P82742)
**HOWARD & HOWARD ATTORNEYS PLLC**
450 West Fourth Street
Royal Oak, Michigan 48067
(248) 645-1483
jg@h2law.com
gem3@h2law.com
kkh@h2law.com
jwb@h2law.com
dlepola@howardandhoward.com

*Attorneys for Quality Collision Parts, Inc.*

Date: October 18, 2024

s/Denise Page Hood
United States District Judge

9

# Attachment C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| GM GLOBAL TECHNOLOGY OPERATIONS LLC,<br><br>Plaintiff,<br><br>v.<br><br>QUALITY COLLISION PARTS, INC.,<br><br>Defendant. | Case No.: 2:23-cv-13026-DPH<br><br>Honorable Denise Page Hood |
| QUALITY COLLISION PARTS, INC.,<br><br>Counterclaim-Plaintiff,<br><br>v.<br><br>GENERAL MOTORS COMPANY, INC, GENERAL MOTORS LLC, and GM GLOBAL TECHNOLOGY OPERATIONS LLC,<br><br>Counterclaim-Defendants. | |

## STIPULATED PROTECTIVE ORDER

The Parties to this action have jointly moved the Court to enter a protective order. The Court has determined that the terms set forth herein are appropriate to protect the respective interests of the Parties, the public, and the Court. Accordingly, it is ORDERED:

1.    **Scope**

All disclosures, affidavits and declarations and exhibits thereto, deposition testimony and exhibits, discovery responses, documents, electronically stored information, tangible objects, information, and other things produced, provided, or disclosed in the course of this action which may be subject to restrictions on disclosure under this Order, and information derived directly therefrom (hereinafter referred to collectively as "documents"), shall be subject to this Order as set forth below. The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods. This Order applies to materials or testimony produced by the Parties and by third-parties subject to subpoena. Accordingly, all references within this Order to a "party" or the "Parties" include third-parties subject to subpoena where applicable.

2.    **Form and Timing of Designation**

A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" (hereinafter referred to as "CONFIDENTIAL") or "ATTORNEYS EYES ONLY - SUBJECT TO PROTECTIVE ORDER" (hereinafter referred to as "ATTORNEYS EYES ONLY") on the document in a manner that will not interfere with the legibility of the document and that will

2

permit complete removal of the designation. Documents shall be designated prior to or at the time of the production or disclosure of the documents. When a tangible object is produced for inspection subject to protection under this Order, a photograph thereof shall be produced at the time of inspection labeled with the designation CONFIDENTIAL or ATTORNEYS EYES ONLY. Thereafter any information learned or obtained as a result of the inspection shall be subject to protection under this Order in accordance with the applicable designation. When electronically stored information is produced which cannot itself be marked with the designation CONFIDENTIAL or ATTORNEYS EYES ONLY, the physical media on which such electronically stored information is produced shall be marked with the applicable designation. The party receiving such electronically stored information shall then be responsible for labeling any copies that it creates thereof, whether electronic or paper, with the applicable designation. By written stipulation the Parties may agree temporarily to designate original documents that are produced for inspection CONFIDENTIAL or ATTORNEYS EYES ONLY even though the original documents being produced have not themselves been so labeled. All information learned in the course of such an inspection shall be protected in accordance with the stipulated designation. The copies of documents that are selected for copying during such an inspection shall be marked CONFIDENTIAL or ATTORNEYS EYES ONLY as required under this Order and thereafter the

3

copies shall be subject to protection under this Order in accordance with their designation. The designation of documents for protection under this Order does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

### 3.    Documents Which May be Designated CONFIDENTIAL

Any party may designate documents as CONFIDENTIAL upon making a good faith determination that the documents contain information protected from disclosure by statute or rule or information that should be protected from disclosure as confidential business or personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly available. Public records and documents that are publicly available may not be designated for protection under this Order.

### 4.    Documents Which May be Designated ATTORNEYS EYES ONLY

Any party may designate documents as ATTORNEYS EYES ONLY upon making a good faith determination that the documents contain information protected from disclosure by statute or rule or information that should be protected from disclosure as trade secrets or other highly sensitive business or personal information, the disclosure of which is likely to cause significant harm to an individual or to the business or competitive position of the designating party.

4868-2414-4110, v. 2

### 5.    Depositions

Deposition testimony shall only be deemed CONFIDENTIAL or ATTORNEYS EYES ONLY if designated as such. Such designation shall be specific as to the portions of the transcript or any exhibit designated for protection under this Order. Thereafter, the deposition testimony and exhibits so designated shall be protected, pending objection, under the terms of this Order. By stipulation read into the record the Parties may agree temporarily to designate an entire deposition and the exhibits used therein for protection under this Order pending receipt and review of the final transcript. In such a circumstance, the Parties shall review the final transcript within 21 days of the receipt thereof and specifically designate the testimony and exhibits that will be protected under this Order. Thereafter only the specifically designated testimony and exhibits shall be protected under the terms of this Order. If no specific designation is made within the 21-day time period, the transcript shall be deemed non-confidential.

### 6. Protection of Confidential Material

### a) Protection of Documents Designated CONFIDENTIAL

Documents designated CONFIDENTIAL under this Order shall not be used for any purpose whatsoever other than the prosecution or defense of this action, and of any appeal thereof. The Parties and counsel for the Parties shall not disclose or permit the disclosure of any documents designated CONFIDENTIAL to any third person or entity except as set forth in subparagraphs (1)-(7). Subject to these

4868-2414-4110, v. 2

requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL.

1. **Outside Counsel of Record:** Outside Counsel of record for the Parties and employees and agents of counsel who have responsibility for the preparation and trial of the action.

2. **Parties:** Parties and employees of a party to this Order.

3. **The Court:** The Court and its personnel.

4. **Court Reporters and Recorders:** Court reporters and recorders engaged for depositions.

5. **Persons Creating or Receiving Documents:** Any person who authored or recorded the designated document, and any person who has previously seen or was aware of the designated document.

6. **Consultants, Investigators and Experts:** Consultants, investigators, or experts employed by the Parties or counsel for the Parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

7. **Others by Consent:** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

**b) Protection of Documents Designated ATTORNEYS EYES ONLY**

Documents designated ATTORNEYS EYES ONLY under this Order shall not be used for any purpose whatsoever other than the prosecution or defense of this action, and of any appeal thereof. The Parties and counsel for the Parties shall not disclose or permit the disclosure of any documents designated ATTORNEYS

4868-2414-4110, v. 2

EYES ONLY to any third person or entity except as set forth in subparagraphs (1)-(6). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated ATTORNEYS EYES ONLY.

1. **Outside Counsel of Record:** Outside counsel of record for the Parties and employees and agents of counsel who have responsibility for the preparation and trial of the action.

2. **The Court:** The Court and its personnel.

3. **Court Reporters and Recorders:** Court reporters and recorders engaged for depositions.

4. **Persons Creating or Receiving Documents:** Any person who authored or recorded the designated document, and any person who has previously seen or was previously aware of the designated document.

5. **Independent Consultants, Investigators, and Experts:** Independent consultants, investigators, or experts specially retained by the Parties or counsel for the Parties to assist in the preparation and trial of this action or proceeding ("Independent Expert"). A person who is a current employee of a party or of a party's competitor cannot qualify as an Independent Expert under this subparagraph (b)(5). The right of any Independent Expert to receive any ATTORNEYS EYES ONLY documents will be subject to the advance approval of disclosure to such expert by the producing party or by permission of the Court. The party seeking approval of disclosure to an Independent Expert must provide the producing party with the name and curriculum vitae of the proposed Independent Expert and an executed copy of the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound, in advance of providing any ATTORNEYS EYES ONLY documents of the producing party to the expert.

   Any objection by the producing party to disclosure to an Independent Expert receiving ATTORNEYS EYES ONLY documents must be made in writing within 10 calendar days following receipt of the identification of the proposed person, must be made upon counsel's

7

and the producing party's good faith belief that there is a reasonable likelihood that: (a) the person may use designated material for purposes other than preparation or trial of this case; or (b) disclosure to such person would threaten the producing party's business or interests, and must set forth the factual basis for the objecting party's belief. Failure to object within 10 calendar days to a person proposed shall be deemed approval, but shall not preclude a party from objecting to continued access to designated material where facts establish a bona fide likelihood that the designated person will use the designated information for purposes other than preparation or trial of the case or that disclosure to such person would threaten the producing party's business or interests.

Within three calendar days after the receipt of such written objection, the party seeking approval of disclosure to the Independent Expert shall inform the producing party whether it intends to proceed with the disclosure to the independent person or withdraw its request for approval. If the party seeking approval does not withdraw its request for approval, the producing party may file a motion for protective order with the Court. ATTORNEYS EYES ONLY documents may be disclosed to an Independent Expert if no motion for protective order has been filed by the producing party within 20 calendar days following receipt of the identification of the proposed person.

6.  **Others by Consent**: Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

### c) Control of Documents

Counsel for the Parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated for protection under this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of 1 year after

dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

### d) Copies

All copies of documents designated for protection under this Order, or any individual portion of such a document, shall be marked with the designation CONFIDENTIAL or ATTORNEYS EYES ONLY if the words do not already appear on the copy. All such copies shall be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of designated documents or otherwise disclose the substance of the designated documents.

### e) Inadvertent Production

If a party inadvertently produces CONFIDENTIAL or ATTORNEYS EYES ONLY information without marking it as such, it may be disclosed to others until the disclosing party provides actual written notice to the receiving party or the receiving party becomes aware of the disclosing party's or nonparty's error; provided, however, that the receiving party is under the latter obligation only if it clearly appears from the face of the document that it contains non-public, confidential, proprietary, commercially sensitive, or trade secret information of the party. As soon as the disclosing party notifies the receiving party of the inadvertent

9

production, the information will be treated as if it had been timely designated under this Order, and the receiving party agrees to endeavor in good faith to obtain all copies of the document which it distributed or disclosed to persons not authorized to access such information by this Paragraph 6, as well as any copies made by such persons.

7.    **Filing of CONFIDENTIAL or ATTORNEYS' EYES ONLY Documents Under Seal**

Any material that is designated for protection under this Order shall be filed with the Court under seal in strict compliance with E.D. Mich. Local Rule 5.3 and the Court's Practice Guidelines. The entire pleading, paper, exhibit, etc. may not be filed under seal. Only the portion of the document(s) which are not to be publicly disclosed may be filed under seal. In such instances, the portion to be filed under seal requires an endorsement by the Court on a cover page. A party's presentment to the Court for the endorsement shall be accompanied by an explanation why the portion of the document(s) is confidential.

Any material filed under seal shall remain under seal until further Order by the Court. To the extent that it is necessary for a party to discuss the contents of any material designated for protection under this Order in a document filed with this Court, then such portion of the document shall be filed under seal in strict compliance with the provisions of E.D. Mich. Local Rule 5.3(b)(3).

4868-2414-4110, v. 2

8.    **Challenges by a Party to a Designation for Protection Under this Order**

A party shall not be obligated to challenge the propriety of a designation at the time made, and the failure to do so shall not preclude a subsequent challenge thereto. However, all such objections to the designation of any material as protected by this Order shall be made at or before the final pretrial conference. Any party may request in writing to the party who designated the material that the designation be modified or withdrawn. If the designating party does not agree to re-designation within 10 days of receipt of the written request, the objecting party may apply to the Court for relief. Upon any such application to the Court for relief, the burden shall be on the designating party to show why its classification is proper. All interested Parties will make best efforts to resolve such disagreements as to confidentiality before submitting them to the Court. Agreement of the Parties to this Order shall not be construed as an agreement or admission by one party that any designation by the other party is in any way proper or correct.

9.    **Use of Confidential Documents or Information at Trial**

To the extent that either party wishes to use any material designated under this Order in any court shall confer on such procedures as are necessary and appropriate to protect the confidentiality of any documents, information, and transcripts used in the course of any court proceedings. Use of designated material in pretrial proceedings shall not affect its status as CONFIDENTIAL or

11

4868-2414-4110, v. 2

ATTORNEYS' EYES ONLY material. With respect to trial of this matter, to the extent such conferral produces agreement between the Parties, the agreed-upon procedures to protect confidentiality shall be incorporated, as appropriate, into the Final Pretrial Order. Any disagreement pertaining to use of designated material at trial that cannot be resolved by conferral of counsel shall be presented for resolution by the Court, as appropriate.

### 10.   Inadvertent Production of Privileged Material

Any inadvertent production of privilege or work product protected material shall not result in the waiver of any associated privilege (attorney-client privilege, work product doctrine, etc.). If a producing party discovers the inadvertent production it must promptly notify the receiving party of the claimed inadvertent production. However, the disclosure of any particular material shall cease to be "inadvertent" if the receiving party notifies the producing party of the disclosure and the producing party does not request the return of the privileged matter within 10 days. Upon notice of any such claim, the receiving party shall follow the procedures set forth in Rule 26 (b)(5)(B), but may only retain and sequester the identified material if it will seek a determination of the claim from the Court pursuant to that rule.

12

4868-2414-4110, v. 2

**11.    Obligations on Conclusion of Litigation**

**a)  Order Remains in Effect**

Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

**b)  Return of Documents Designated for Protection Under this Order**

Within thirty days after dismissal or entry of final judgment not subject to further appeal, all documents designated for protection under this Order, including copies as defined in ¶6(d), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the Parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain copies of all pleadings, motions, orders, written discovery, and other papers filed with the Court or exchanged by the Parties even though they may contain documents designated for protection under this Order. Counsel may also retain attorney work product, including an index which refers or relates to documents designated for protection under this Order, so long as that work product does not duplicate verbatim substantial portions of the text or images of documents designated for protection under this Order. This work product shall continue to be subject to the protections of this Order in

13

accordance with the applicable designation. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use documents designated for protection under this Order.

### c) Return of Documents Filed under Seal

After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the Parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

### 12.   Order Subject to Modification

This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter.

### 13.   No Prior Judicial Determination

This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents designated for protection under this Order are entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

4868-2414-4110, v. 2

14.    **Persons Bound**

This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the Parties, and persons made subject to this Order by its terms.

**So Ordered.**

Dated:  October 16, 2024                          <u>s/Denise Page Hood</u>
                                                      United States District Judge

15

AGREED AND STIPULATED TO:

October 15, 2024

By: /s/ Dennis J. Abdelnour

**HONIGMAN LLP**

Dennis J. Abdelnour
David J. Roulo
155 N. Wacker Drive, Ste. 3100
Chicago, IL 60606-1734
(312) 701-9348
dabdelnour@honigman.com
droulo@honigman.com

J. Michael Huget (P39150)
Scott D. Barnett (P82673)
Latifa H. Dabaja (P84461)
2290 First National Building
660 Woodward Ave.
Detroit, MI 48226
(313) 465-7000
mhuget@honigman.com
sbarnett@honigman.com
ldabaja@honigman.com

*Attorneys for GM Global Technology Operations, LLC, General Motors, LLC and General Motors Company, Inc.*

/s/ Joseph W. Barber

Andrew M. Grove (P48868)
Gerald E. McGlynn III (P41149)
Kristopher K. Hullinberger (P66903)
Joseph W. Barber (P82728)
Dane M. Lepola (P82742)
**HOWARD & HOWARD ATTORNEYS PLLC**
450 West Fourth Street
Royal Oak, Michigan 48067
(248) 645-1483
jg@h2law.com
gem3@h2law.com
kkh@h2law.com
jwb@h2law.com
dlepola@howardandhoward.com

*Attorneys for Quality Collision Parts, Inc.*

16

4868-2414-4110, v. 2

**Attachment A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| GM GLOBAL TECHNOLOGY OPERATIONS LLC, <br><br> Plaintiff, <br><br> v. <br><br> QUALITY COLLISION PARTS, INC., <br><br> Defendant. | Case No.: 2:23-cv-13026-JJCG <br><br> Honorable Denise Page Hood |
| QUALITY COLLISION PARTS, INC., <br><br> Counterclaim-Plaintiff, <br><br> v. <br><br> GENERAL MOTORS COMPANY, INC, GENERAL MOTORS LLC, and GM GLOBAL TECHNOLOGY OPERATIONS LLC, <br><br> Counterclaim-Defendants. | |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Protective Order entered in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Eastern District of Michigan in matters relating to the Protective Order and understands that the terms of the

1

Protective Order obligate him/her to use documents designated CONFIDENTIAL
- SUBJECT TO PROTECTIVE ORDER or ATTORNEYS EYES ONLY –
SUBJECT TO PROTECTIVE ORDER in accordance with the Order solely for the
purposes of the above-captioned action, and not to disclose any such documents or
information derived directly therefrom to any other person, firm or concern.

2

4868-2414-4110, v. 2

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____   Signature: _____

4868-2414-4110, v. 2