UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GM GLOBAL TECHNOLOGY
OPERATIONS, LLC,

                    Plaintiff/Counter-
                    Defendant,

v.

QUALITY COLLISION PARTS, INC.,

                    Defendant/Counter-
                    Plaintiff,

v.

GENERAL MOTORS COMPANY, INC.
and GENERAL MOTORS, LLC.,

                    Counter-Defendants.
_____/

Case No. 23-13026

Denise Page Hood
United States District Judge

Curtis Ivy, Jr.
United States Magistrate
Judge

## AMENDED OMNIBUS ORDER REGARDING PENDING MOTIONS

Before the Court there are various discovery motions and related motions to seal. The Court will address them here.

## I.    DISCOVERY MOTIONS

As the parties are aware, a number of discovery motions are pending. These motions include:

- Defendant's *Motion to Compel Compliance with Rule 45 Subpoena Issued to Non-Party Department of Homeland Security* (ECF No. 80) and *Motion to Compel Compliance with Rule 45 Subpoena Issued to Non-Party U.S. Customs and Border Protection* (ECF No. 81);

- Plaintiff's *Motion to Compel Quality Collision to Produce: A 30(b)(6) Deposition, Certain Documents, and a Complete Response to Interrogatory No. 14 and GM's First Set of Requests for Production* (ECF No. 86);

- Power Auto Parts's *Motion to Quash Non-Party Subpoena* (ECF Nos. 89, 90);

- Defendant's *Motion to Compel* (ECF No. 91);

- Plaintiff's *Motion to Compel Quality Collision to Provide Full and Complete Responses to GM's Discovery Requests and for Sanctions* (ECF No. 100); and

- Defendant's *Motion to Compel* (ECF No. 117)

- Plaintiff's *Motion for Protective Order to Prohibit the Deposition of Timothy Gorbatoff* (ECF No. 124).

The Court starts with the motions filed by the parties. As this list shows, to say discovery has been contentious would be an understatement. To this point, the parties have been unable to agree on much and have often turned to the Court to resolve their discovery disputes. Emblematic of the parties' inability to cooperate during discovery is Plaintiff's motion to compel responses to entire sets of discovery requests. (ECF No. 100).

As the parties are well aware, "[d]iscovery is typically an extrajudicial process, conducted by the parties without the court's involvement." *Fluker v. Worpell*, Case No. 1:22-cv-12045, 2023 WL 4206047, at *1 (E.D. Mich. June 27, 2023) (citing *Peters v. Credit Prot. Ass'n LP*, No. 2:13-cv-767, 2014 WL 6687146,

at \*4 (S.D. Ohio Nov. 26, 2014 and *J.P. Morgan Chase Bank, N.A. v. Neovi, Inc.*, No. 2:06-cv-0095, 2007 WL 1875928, at \*6 (S.D. Ohio June 20, 2007)).  To that end, "the Federal Rules of Civil Procedure were designed to operate with a minimum of judicial interference," not because "the Court is too busy to be bothered with discovery disputes," but because "the rules lay out broad and liberal guidelines in a search for the truth so that even opponents in the heat of the fray can step back and acknowledge that relevant information must be shared." *Vartinelli v. Caruso*, Civ. No. 07-12388, 2008 WL 4056316, at \*1 (E.D. Mich. Aug. 26, 2008) (citation omitted); *see also* 8B Wright & Miller's Federal Practice & Procedure § 2288 (3d ed. Sept. 2025 Update).

In the Court's estimation, the parties to this point have very much been caught "in the heat of the fray," consequently resulting in discovery motion after discovery motion.  Recent developments in the case make it possible to reassess and regroup.  New defense counsel has appeared on behalf of Defendant.  In a separate Order, the Court granted Plaintiff's motion to amend which adds new claims and parties here; and as Plaintiff admitted in the briefing on that motion, additional discovery is needed on those issues.  The Court thus finds a reset of sorts to be prudent.

The Court therefore **DENIES WITHOUT PREJUDICE WITH LEAVE TO REFILE** the above-mentioned discovery motions that the parties have filed—

that is, ECF Nos. 80, 81, 86, 91, 100, 117, 124.  Since Defendant has new counsel,

fresh eyes may prevail and resolve discovery disputes without the Court's

intervention.[1]  Of course, if that is not the case, then the Court will permit the

moving party to refile their motion(s).  Accordingly, once Plaintiff has served the

First Amended Complaint and the parties, both old and new, have filed their

responsive pleading, the Court will conduct an in-person status and scheduling

conference at which point it will provide the parties guidance on how to proceed

regarding the discovery disputes that were denied herein and engage in discussions

with the parties on how discovery will proceed going forward.

This leaves Power Auto Parts' ("PAP") pending motion to quash.  When

PAP filed this motion, it was not a party to this lawsuit.  Since the Court has

granted Plaintiff's motion to amend, that is no longer the case.  "Although Rule 45

is not limited by its terms to nonparties, it should not be used to obtain pretrial

production of documents or things, or inspection of premises, from a party in

circumvention of discovery rules or orders."  *See Smith v. Cnty. of Wayne*, Case

No. 21-12070, 2022 WL 22825281, at *2 (E.D. Mich. Oct. 7, 2022).  Accordingly,

"[d]iscovery from a party, as distinct from a nonparty, is governed by Rule 34, not

---

[1] This may especially be the case considering the irreconcilable breakdown of the attorney-client relationship between Defendant QC and its former counsel that had produced warnings of withdrawal as far back as April 2025.  (ECF No. 132).  Armed with fresh perspective, Defendant's new counsel may be able to work with Plaintiff's counsel to resolve or narrow these discovery disputes.

Rule 45." *Id.* (citation omitted); *see also Fleming v. Wayne Cnty. Jail*, Case No. 2:19-cv-12297, 2023 WL 8798102 (E.D. Mich. Mar. 14, 2023) ("To the extent Plaintiff seeks information from a party, he should use the Federal Rules of Civil Procedure governing disclosure and discovery (Rules 26 to 37)").  Plaintiff can now obtain discovery from PAP using Rules 33 and 34.  *See Fleming*, 2023 WL 8798102, at *3 ("[D]iscovery requests under Rules 33 and 34 are distinct tools from a request to produce by way of a Rule 45 subpoena.").  Accordingly, PAP's motion to quash is **DENIED AS MOOT**.

## II.   MOTIONS TO SEAL

Related to some of these discovery motions are two motions to seal.  (ECF Nos. 114, 120).  Separately, Defendant's former counsel has filed a renewed motion for an attorney's lien as well as a motion to seal an exhibit to that motion. (ECF No.143, 145).[2]  Defendant also filed a motion to seal related to its recent motion to stay.  (ECF No. 147).

The motions to seal filed by the parties are identical to that which Defendant filed with its brief in opposition to Plaintiff's motion to amend.  Essentially, these motions each argue that the documents should be sealed because they are designated as Attorneys Eyes Only.  From there, the argument is that the documents should be filed under seal to protect vague, undefined privacy rights.

---

[2] Former counsel appears to have filed the same motion twice.

The motions also assert that the movant only seeks to file under seal "no more than is necessary and germane to the resolution of its motion" without actually explaining how that is so.  (ECF No. 114, PageID.3582; ECF No. 120, PageID.3796; ECF No. 147, PageID.4357).

Since the Court has already addressed the applicable standard for a motion to seal in previous orders, it will not repeat the same here.  At bottom, these motions are deficient as they suffer the same defects as Defendant's motion to seal related to Plaintiff's motion to amend.  (*See* ECF No. 152, PageID.4496–99).  In short, documents bearing an AEO designation does not translate to they can automatically be filed under seal.  *See Ohio Citizen Action v. City of Englewood*, Case No. 3:05-cv-263, 2008 U.S Dist. LEXIS 144814, at *2–3 (S.D. Ohio Aug. 22, 2008).  The movants here also have not identified a "clearly defined and serious injury" as required—the references to undefined "privacy rights" and vague, amorphous harms are insufficient to satisfy the heavy burden to overcome the presumption of public access.  The sort of document-by-document, line-by-line review needed to show the motion to seal is narrowly tailored is also missing from these motions.

This leaves the motions to seal filed by Defendant's former counsel Howard & Howard Attorneys PLLC ("H&H").  (ECF No. 143, 145).  These motions are identical to the other motions as well and are deficient for the same reasons.  The

Court only singles out this motion since H&H previously referred to attorney-client privilege concerns, but the motion omits an express privileged-based argument. Accordingly, the Court cannot assess whether the documents it seeks to file under seal fall under the attorney-client privilege and should be filed under seal for that reason.

Since these motions to seal all suffer from the same defects, the motions are **DENIED WITHOUT PREJUDICE**.  Additionally, the Court hereby **STRIKES** the documents subject to the motions to seal that pertain to the above-mentioned discovery motions (ECF Nos. 116, 118, 119).  If the discovery issues on which the motions to seal relate remain disputed thereby requiring the movant to refile, then the party can file a new or renewed motion to seal that comports with prevailing Sixth Circuit jurisprudence.  As for the latter motions to seal (ECF Nos. 143, 145 147), H&H and Defendant QC are **ORDERED** to refile proper motions **on or before February 2, 2026**.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which

the party objects and state the basis of the objection.  When an objection is filed to

a magistrate judge's ruling on a non-dispositive motion, the ruling remains in

effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich.

Local Rule 72.2.

Date: January 26, 2026                         s/Curtis Ivy, Jr.
                                               Curtis Ivy, Jr.
                                               United States Magistrate Judge