**UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

GM GLOBAL TECHNOLOGY OPERATIONS, LLC

Plaintiff,

v.

QUALITY COLLISION PARTS, INC., POWER AUTO PARTS, INC., NATHIR HERMEZ, AN INDIVIDUAL, KANAAN HERMEZ, AN INDIVIDUAL, ALDEN HERMEZ, AN INDIVIDUAL, and TOM HERMEZ, AN INDIVIDUAL,

Defendants

QUALITY COLLISION PARTS, INC.,

Counterclaim-Plaintiff,

v.

GENERAL MOTORS COMPANY, INC., GENERAL MOTORS, LLC, and GM GLOBAL TECHNOLOGY OPERATIONS, LLC,

Counterclaim-Defendants,

Case No. 2:23-cv-13026-DPH-CI

Hon. Denise Page Hood

Hon. Curtis Ivy Jr.

**ALDEN HERMEZ'S ANSWER TO GM GLOBAL TECHNOLOGY OPERATIONS, LLC's FIRST AMENDED COMPLAINT FOR DESIGN PATENT INFRINGEMENT AND FOR RELATED STATE LAW CLAIMS AND AFFIRMATIVE DEFENSES**

Defendant Alden Hermez ("Alden"), by and through his undersigned attorneys, Paesano Akkashian PC, for his Answer to the First Amended Complaint of Plaintiff/Counterclaim-Defendant GM Global Technology Operations, LLC ("GM"), states as follows:

## NATURE OF THE ACTION

1. Alden can neither admit nor deny as he lacks knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leaves GM to its proofs.

2. Alden can neither admit nor deny as he lacks knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, as the allegations are directed toward Defendant/Counterclaim-Plaintiff Quality Collision Parts, Inc. ("QCP"), and therefore leaves GM to its proofs.

3. Denied.

4. Denied.

5. Denied.

## THE PARTIES

6. Alden can neither admit nor deny as he lacks knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leaves GM to its proofs.

7. Alden can neither admit nor deny as he lacks knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, as the allegations are directed toward QCP, and therefore leaves GM to its proofs.

8. Admitted.

9. Alden can neither admit nor deny as he lacks knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, as the allegations are directed toward QCP and Nathir Hermez ("Nathir"), and therefore leaves GM to its proofs.

10. Alden can neither admit nor deny as he lacks knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, as the allegations are directed toward QCP and Kanaan Hermez ("Kanaan"), and therefore leaves GM to its proofs.

11. Admitted.

12. Admitted.

13. Alden can neither admit nor deny as he lacks knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, as the allegations are directed toward Kanaan, and therefore leaves GM to its proofs.

14. Admitted.

15. Alden can neither admit nor deny as he lacks knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, as the allegations are directed toward Tom, and therefore leaves GM to its proofs.

## **JURISDICTION AND VENUE**

16. Alden can neither admit nor deny as he lacks knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leaves GM to its proofs.

17. Alden can neither admit nor deny the allegations relating to supplemental jurisdiction as he lacks knowledge or information sufficient to form a belief as to the truth of the allegations. The remaining allegations are denied.

18. Alden can neither admit nor deny as he lacks knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, as the allegations are directed toward QCP, and therefore leaves GM to its proofs.

19. Alden denies the allegations as related to alleged infringement. To the extent the allegations are directed toward Alden's residency in Michigan, admitted.

20. Alden admits only that venue is proper. Alden otherwise denies the allegations contained in this numbered paragraph.

21. Alden admits only he is a resident in this judicial district.

## BACKGROUND

22. Alden can neither admit nor deny as he lacks knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leaves GM to its proofs.

23. Alden can neither admit nor deny as he lacks knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leaves GM to its proofs.

24. Alden can neither admit nor deny as he lacks knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leaves GM to its proofs.

25. Alden can neither admit nor deny as he lacks knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leaves GM to its proofs.

26. Alden can neither admit nor deny as he lacks knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leaves GM to its proofs.

27. Alden admits only that QCP is in the business of selling replacement parts for automotive vehicles, including GM vehicles. Alden otherwise denies the allegations in this numbered paragraph.

28. Alden denies infringement, willful or otherwise, of any valid patent, or any other wrongdoing. Alden neither admits nor denies the allegations as to the quotes included in this numbered paragraph because the referenced exhibits speak for themselves and constitute the best evidence of their contents.

29. Denied.

30. Alden neither admits nor denies the allegations as to the quotes included in this numbered paragraph because the referenced exhibits speak for themselves and constitute the best evidence of their contents.

31. Denied.

32. Denied.

33. Denied.

34. Alden admits only that in July 2022, CPB seized parts. Alden otherwise denies the allegations in this numbered paragraph.

35. Alden can neither admit nor deny as he lacks knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leaves GM to its proofs. Alden further denies infringement, willful or otherwise, of any valid patent, or any other wrongdoing.

36. Denied.

37. Alden can neither admit nor deny as he lacks knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leaves GM to its proofs.

38. Alden can neither admit nor deny as he lacks knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leaves GM to its proofs.

39. Alden admits only that QCP does not have a license. Alden denies a license is required for QCP's business and denies infringement, willful or otherwise, of any valid patent, or any other wrongdoing.

40. Admitted.

41. Alden admits only that Power entered into an agreement with QCP regarding the purchase and acquisition of QCP assets by Power for fair and adequate consideration.

42. Alden can neither admit nor deny as he lacks knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leaves GM to its proofs. By way of further response, Alden denies that any of the identified assets infringe on any patents.

43. Denied.

44. Denied.

45. Denied.

46. Alden neither admits nor denies the allegations as to the quotes included in this numbered paragraph because the referenced exhibits speak for themselves and constitute the best evidence of their contents. Alden otherwise denies the remaining allegations in this numbered paragraph.

47. Denied.

48. Alden neither admits nor denies the allegations as to the quotes included in this numbered paragraph because the referenced exhibits speak for themselves and constitute the best evidence of their contents. Alden otherwise denies the remaining allegations in this numbered paragraph.

49. Denied.

50. Denied.

51. Denied.

52. Admitted.

53. Alden can neither admit nor deny as he lacks knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leaves GM to its proofs.

54. Alden can neither admit nor deny as he lacks knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leaves GM to its proofs.

55. Alden admits only that Tom is currently a general manager at Power. Alden denies that Tom is a principal and/or officer at Power. Otherwise, Alden can neither admit nor deny as he lacks knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leaves GM to its proofs.

56. Denied.

57. Admitted.

58. Admitted.

59. Admitted.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Alden can neither admit nor deny as he lacks knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph as it relates to the corporate governance of QCP. Otherwise, denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

**COUNT I**

79. Alden restates and incorporates by reference each of his responses above as if fully set forth herein.

80. Alden can neither admit nor deny as he lacks knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leaves GM to its proofs.

81. Alden can neither admit nor deny as he lacks knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leaves GM to its proofs.

82. Alden can neither admit nor deny as he lacks knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leaves GM to its proofs.

83. Alden can neither admit nor deny as he lacks knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leaves GM to its proofs.

84. Alden neither admits nor denies the allegations because the referenced exhibits speak for themselves and constitute the best evidence of their contents.

85. Alden neither admits nor denies the allegations because the referenced exhibits speak for themselves and constitute the best evidence of their contents.

86. Denied.

87. Denied.

88. Alden admits only that QCP entered into an agreement with Power regarding the purchase and acquisition of QCP assets by Power for fair and adequate consideration and that QCP transferred assets to Power in accordance with that agreement. Otherwise, denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Alden admits only he does not have a license. Alden otherwise denies the allegations to the extent they suggest a license is necessary.

94. Denied.

## COUNT II

95. Alden restates and incorporates by reference each of his responses above as if fully set forth herein.

96. Alden can neither admit nor deny as he lacks knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leaves GM to its proofs.

97. Alden can neither admit nor deny as he lacks knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leaves GM to its proofs.

98. Alden can neither admit nor deny as he lacks knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leaves GM to its proofs.

99. Alden can neither admit nor deny as he lacks knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leaves GM to its proofs.

100. Alden neither admits nor denies the allegations because the referenced exhibits speak for themselves and constitute the best evidence of their contents.

101. Alden neither admits nor denies the allegations because the referenced exhibits speak for themselves and constitute the best evidence of their contents.

102. Denied.

103. Denied.

104. Alden admits only that QCP entered into an agreement with Power regarding the purchase and acquisition of QCP assets by Power for fair and adequate consideration and that QCP transferred assets to Power in accordance with that agreement. Otherwise, denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Alden admits only he does not have a license. Alden otherwise denies the allegations to the extent they suggest a license is necessary.

110. Denied.

**COUNT III**

111. Alden restates and incorporates by reference each of his responses above as if fully set forth herein.

112. Alden can neither admit nor deny as he lacks knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leaves GM to its proofs.

113. Alden can neither admit nor deny as he lacks knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leaves GM to its proofs.

114. Alden can neither admit nor deny as he lacks knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leaves GM to its proofs.

115. Alden can neither admit nor deny as he lacks knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leaves GM to its proofs.

116. Alden neither admits nor denies the allegations because the referenced exhibits speak for themselves and constitute the best evidence of their contents.

117. Alden neither admits nor denies the allegations because the referenced exhibits speak for themselves and constitute the best evidence of their contents.

118. Denied.

119. Denied.

120. Alden admits only that QCP entered into an agreement with Power regarding the purchase and acquisition of QCP assets by Power for fair and adequate consideration and that QCP transferred assets to Power in accordance with that agreement. Otherwise, denied.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

125. Alden admits only he does not have a license. Alden otherwise denies the allegations to the extent they suggest a license is necessary.

126. Denied.

## COUNT IV

127. Alden restates and incorporates by reference each of his responses above as if fully set forth herein.

128. Alden can neither admit nor deny as he lacks knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leaves GM to its proofs.

129. Alden can neither admit nor deny as he lacks knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leaves GM to its proofs.

130. Alden can neither admit nor deny as he lacks knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leaves GM to its proofs.

131. Alden can neither admit nor deny as he lacks knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leaves GM to its proofs.

132. Alden neither admits nor denies the allegations because the referenced exhibits speak for themselves and constitute the best evidence of their contents.

133. Alden neither admits nor denies the allegations because the referenced exhibits speak for themselves and constitute the best evidence of their contents.

134. Denied.

135. Denied.

136. Alden admits only that QCP entered into an agreement with Power regarding the purchase and acquisition of QCP assets by Power for fair and adequate consideration and that QCP transferred assets to Power in accordance with that agreement. Otherwise, denied.

137. Denied.

138. Denied.

139. Denied.

140. Denied.

141. Alden admits only he does not have a license. Alden otherwise denies the allegations to the extent they suggest a license is necessary.

142. Denied.

**COUNT V**

143. Alden restates and incorporates by reference each of his responses above as if fully set forth herein.

144. Alden can neither admit nor deny as he lacks knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leaves GM to its proofs.

145. Alden can neither admit nor deny as he lacks knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leaves GM to its proofs.

146. Alden can neither admit nor deny as he lacks knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leaves GM to its proofs.

147. Alden can neither admit nor deny as he lacks knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leaves GM to its proofs.

148. Alden neither admits nor denies the allegations because the referenced exhibits speak for themselves and constitute the best evidence of their contents.

149. Alden neither admits nor denies the allegations because the referenced exhibits speak for themselves and constitute the best evidence of their contents.

150. Denied.

151. Denied.

152. Alden admits only that QCP entered into an agreement with Power regarding the purchase and acquisition of QCP assets by Power for fair and adequate consideration and that QCP transferred assets to Power in accordance with that agreement. Otherwise, denied.

153. Denied.

154. Denied.

155. Denied.

156. Denied.

157. Alden admits only he does not have a license. Alden otherwise denies the allegations to the extent they suggest a license is necessary.

158. Denied.

## COUNT VI

159. Alden restates and incorporates by reference each of his responses above as if fully set forth herein.

160. Alden can neither admit nor deny as he lacks knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leaves GM to its proofs.

161. Alden can neither admit nor deny as he lacks knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leaves GM to its proofs.

162. Alden can neither admit nor deny as he lacks knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leaves GM to its proofs.

163. Alden can neither admit nor deny as he lacks knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leaves GM to its proofs.

164. Alden neither admits nor denies the allegations because the referenced exhibits speak for themselves and constitute the best evidence of their contents.

165. Alden neither admits nor denies the allegations because the referenced exhibits speak for themselves and constitute the best evidence of their contents.

166. Denied.

167. Denied.

168. Alden admits only that QCP entered into an agreement with Power regarding the purchase and acquisition of QCP assets by Power for fair and adequate consideration and that QCP transferred assets to Power in accordance with that agreement. Otherwise, denied.

169. Denied.

170. Denied.

171. Denied.

172. Denied.

173. Alden admits only he does not have a license. Alden otherwise denies the allegations to the extent they suggest a license is necessary.

174. Denied.

## COUNT VII

175. Alden restates and incorporates by reference each of his responses above as if fully set forth herein.

176. Alden can neither admit nor deny as he lacks knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leaves GM to its proofs.

177. Alden can neither admit nor deny as he lacks knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leaves GM to its proofs.

178. Alden can neither admit nor deny as he lacks knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leaves GM to its proofs.

179. Alden can neither admit nor deny as he lacks knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leaves GM to its proofs.

180. Alden neither admits nor denies the allegations because the referenced exhibits speak for themselves and constitute the best evidence of their contents.

181. Alden neither admits nor denies the allegations because the referenced exhibits speak for themselves and constitute the best evidence of their contents.

182. Denied.

183. Denied.

184. Alden admits only that QCP entered into an agreement with Power regarding the purchase and acquisition of QCP assets by Power for fair and adequate consideration and that QCP transferred assets to Power in accordance with that agreement. Otherwise, denied.

185. Denied.

186. Denied.

187. Denied.

188. Denied.

189. Alden admits only he does not have a license. Alden otherwise denies the allegations to the extent they suggest a license is necessary.

190. Denied.

## COUNT VIII

191. Alden restates and incorporates by reference each of his responses above as if fully set forth herein.

192. Alden can neither admit nor deny as he lacks knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leaves GM to its proofs.

193. Alden can neither admit nor deny as he lacks knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leaves GM to its proofs.

194. Alden can neither admit nor deny as he lacks knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leaves GM to its proofs.

195. Alden can neither admit nor deny as he lacks knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leaves GM to its proofs.

196. Alden neither admits nor denies the allegations because the referenced exhibits speak for themselves and constitute the best evidence of their contents.

197. Alden neither admits nor denies the allegations because the referenced exhibits speak for themselves and constitute the best evidence of their contents.

198. Denied.

199. Denied.

200. Alden admits only that QCP entered into an agreement with Power regarding the purchase and acquisition of QCP assets by Power for fair and adequate consideration and that QCP transferred assets to Power in accordance with that agreement. Otherwise, denied.

201. Denied.

202. Denied.

203. Denied.

204. Denied.

205. Alden admits only he does not have a license. Alden otherwise denies the allegations to the extent they suggest a license is necessary.

206. Denied.

## COUNT IX

207. Alden restates and incorporates by reference each of his responses above as if fully set forth herein.

208. Alden can neither admit nor deny as he lacks knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leaves GM to its proofs.

209. Alden can neither admit nor deny as he lacks knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leaves GM to its proofs.

210. Alden can neither admit nor deny as he lacks knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leaves GM to its proofs.

211. Alden can neither admit nor deny as he lacks knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leaves GM to its proofs.

212. Alden neither admits nor denies the allegations because the referenced exhibits speak for themselves and constitute the best evidence of their contents.

213. Alden neither admits nor denies the allegations because the referenced exhibits speak for themselves and constitute the best evidence of their contents.

214. Denied.

215. Denied.

216. Alden admits only that QCP entered into an agreement with Power regarding the purchase and acquisition of QCP assets by Power for fair and adequate consideration and that QCP transferred assets to Power in accordance with that agreement. Otherwise, denied.

217. Denied.

218. Denied.

219. Denied.

220. Denied.

221. Alden admits only he does not have a license. Alden otherwise denies the allegations to the extent they suggest a license is necessary.

222. Denied.

**COUNT X**

223. Alden restates and incorporates by reference each of his responses above as if fully set forth herein.

224. Alden can neither admit nor deny as he lacks knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leaves GM to its proofs.

225. Alden can neither admit nor deny as he lacks knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leaves GM to its proofs.

226. Alden can neither admit nor deny as he lacks knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leaves GM to its proofs.

227. Alden can neither admit nor deny as he lacks knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leaves GM to its proofs.

228. Alden neither admits nor denies the allegations because the referenced exhibits speak for themselves and constitute the best evidence of their contents.

229. Alden neither admits nor denies the allegations because the referenced exhibits speak for themselves and constitute the best evidence of their contents.

230. Denied.

231. Denied.

232. Alden admits only that QCP entered into an agreement with Power regarding the purchase and acquisition of QCP assets by Power for fair and adequate consideration and that QCP transferred assets to Power in accordance with that agreement. Otherwise, denied.

233. Denied.

234. Denied.

235. Denied.

236. Denied.

237. Alden admits only he does not have a license. Alden otherwise denies the allegations to the extent they suggest a license is necessary.

238. Denied.

## COUNT XI

239. Alden restates and incorporates by reference each of his responses above as if fully set forth herein.

240. Denied.

241. Alden admits only that QCP entered into an agreement with Power regarding the purchase and acquisition of QCP assets by Power for fair and adequate consideration, and that QCP transferred assets to Power in accordance with that agreement. Alden denies the remaining allegations in this numbered paragraph.

242. Denied.

243. Denied.

244. Denied.

245. Admitted.

246. Admitted.

247. Admitted.

248. Denied.

249. Alden admits only QCP entered into an agreement with Power regarding the purchase and acquisition of QCP assets by Power for fair and adequate consideration, and that QCP transferred assets to Power in accordance with that agreement. Alden denies the remaining allegations in this numbered paragraph.

250. Denied.

251. Denied.

252. Denied.

**COUNT XII**

253. Alden restates and incorporates by reference each of his responses above as if fully set forth herein.

254. Denied.

255. Admitted.

256. Alden can neither admit nor deny as he lacks knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, as the allegations are directed toward QCP, and therefore leaves GM to its proofs.

257. Alden admits only QCP entered into an agreement with Power regarding the purchase and acquisition of QCP assets by Power for fair and adequate

consideration, and that QCP transferred assets to Power in accordance with that agreement. Alden denies the remaining allegations in this numbered paragraph.

258. Denied.

259. Denied.

260. Admitted.

261. Denied. By way of further response, the transaction at issue occurred between QCP and Power.

262. Alden can neither admit nor deny as he lacks knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leaves GM to its proofs.

263. Alden can neither admit nor deny as he lacks knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leaves GM to its proofs.

264. Alden admits only QCP entered into an agreement with Power regarding the purchase and acquisition of QCP assets by Power for fair and adequate consideration, and that QCP transferred assets to Power in accordance with that agreement. Alden denies the remaining allegations in this numbered paragraph.

265. Denied.

266. Denied.

WHEREFORE, Alden respectfully requests that this Court dismiss GM's First Amended Complaint with prejudice and award Alden all attorney fees and costs incurred in defense of this action.

**AFFIRMATIVE DEFENSES**

Defendant Alden Hermez ("Alden") by and through his attorneys, Paesano Akkashian, PC, states as follows for his affirmative defenses to the First Amended Complaint of Plaintiff/Counterclaim-Defendant GM Global Technology Operations, LLC ("GM"):

1. The Asserted GM Patents referenced throughout the First Amended Complaint are each invalid under one or more sections of 35 U.S.C. §§101, 102, 103, 112, and 171.

2. GM comes to this action with unclean hands as related to the way it pursued whatever patent rights it possessed prior to this case.

3. The Asserted GM Patents referenced throughout the First Amended Complaint each claim functional subject matter and are ineligible for design patent prosecution.

4. The First Amended Complaint fails to state a claim upon which relief can be granted.

5. GM has not suffered any damages.

6. GM failed to mitigate damages.

7. Any alleged wrongful acts and/or incidents and/or occurrences complained of by GM did not occur as stated by GM or did not occur at all.

8. Alden did not infringe the Asserted GM Patents referenced throughout the First Amended Complaint.

9. Alden did not willfully infringe the Asserted GM Patents so as to justify the imposition of increased damages allowed under 35 U.S. Code § 284.

10. Alden did not willfully infringe the Asserted GM Patents or otherwise act or conduct themselves so as to make this an exceptional case allowing for the awarding of attorney fees as contemplated by 35 U.S. Code § 285.

11. GM's claims are barred by the applicable statute of limitations.

12. Any asset transfers occurring between QCP and Power were conducted in good faith and for reasonably equivalent value.

13. Any alleged asset transfers between QCP and Power did not include Power's assumption of QCP liabilities.

Alden reserves the right to amend these affirmative defenses to raise each and every other defense to which he may become entitled based on the facts that shall be disclosed or discovered during the pendency of discovery or of further proceedings in this action.

Respectfully submitted:

PAESANO AKKASHIAN, PC

By: /s/ *Matthew J. Enright*
Brian M. Akkashian (P55544)
Devin W. Bone (P78853)
Matthew J. Enright (P85951)
Attorneys for Defendant Alden
7457 Franklin Road, Suite 200
Bloomfield Hills, Michigan 48301
(248) 792-6886
bakkashian@palawyers.com
dbone@palawyers.com
menright@palawyers.com

Dated: February 25, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2026, I filed the foregoing document using the court's CM/ECF, which will send notification of such filing on all registered counsel.

*/s/ Matthew J. Enright*
Matthew J. Enright (P85951)