**UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| GM GLOBAL TECHNOLOGY OPERATIONS, LLC<br><br>Plaintiff,<br><br>v.<br><br>QUALITY COLLISION PARTS, INC., POWER AUTO PARTS, INC., NATHIR HERMEZ, AN INDIVIDUAL, KANAAN HERMEZ, AN INDIVIDUAL, ALDEN HERMEZ, AN INDIVIDUAL, and TOM HERMEZ, AN INDIVIDUAL,<br><br>Defendants | Case No. 2:23-cv-13026-DPH-CI<br><br>Hon. Denise Page Hood<br><br>Hon. Curtis Ivy Jr. |
| QUALITY COLLISION PARTS, INC.,<br><br>Counterclaim-Plaintiff,<br><br>v.<br><br>GENERAL MOTORS COMPANY, INC., GENERAL MOTORS, LLC, and GM GLOBAL TECHNOLOGY OPERATIONS, LLC,<br><br>Counterclaim-Defendants, | |

**NATHIR HERMEZ, KANAAN HERMEZ, AND TOM HERMEZ'S ANSWER TO GM GLOBAL TECHNOLOGY OPERATIONS, LLC's FIRST AMENDED COMPLAINT FOR DESIGN PATENT INFRINGEMENT AND FOR RELATED STATE LAW CLAIMS AND AFFIRMATIVE DEFENSES**

Defendants Nathir Hermez ("Nathir"), Kanaan Hermez ("Kanaan"), and Tom Hermez, ("Tom"), by and through their undersigned attorneys, Paesano Akkashian PC, for their Answer to the First Amended Complaint of Plaintiff/Counterclaim-Defendant GM Global Technology Operations, LLC ("GM"), states as follows:

**NATURE OF THE ACTION**

1. Nathir, Kanaan, and Tom, can neither admit nor deny as they lack knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leave GM to its proofs.

2. Denied.

3. Denied.

4. Denied.

5. Denied.

**THE PARTIES**

6. Nathir, Kanaan, and Tom, can neither admit nor deny as they lack knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leave GM to its proofs.

7. Nathir, Kanaan, and Tom, can neither admit nor deny as they lack knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, as the allegations are directed toward Defendant QCP, and therefore leave GM to its proofs.

8. Admitted.

9. Admitted as to Nathir serving as QCP's resident agent. Nathir further admits that he is an owner of QCP.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Nathir, Kanaan, and Tom, can neither admit nor deny as they lack knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, as the allegations are directed toward Alden Hermez ("Alden"), and therefore leave GM to its proofs.

16. Admitted.

## JURISDICTION AND VENUE

17. Nathir, Kanaan, and Tom, can neither admit nor deny as they lack knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leave GM to its proofs.

18. Nathir, Kanaan, and Tom, can neither admit nor deny the allegations related to supplemental jurisdiction as they lack knowledge or information sufficient

to form a belief as to the truth of the allegations. The remaining allegations are denied.

19. Nathir, Kanaan, and Tom, deny the allegations as related to infringement.

20. Nathir, Kanaan, and Tom, deny the allegations as related to infringement. To the extent the allegations are directed toward Nathir, Kanaan, and Tom's residency in Michigan, admitted.

21. Nathir, Kanaan, and Tom, admit only that venue is proper. Nathir, Kanaan, and Tom otherwise deny the allegations contained in this numbered paragraph.

22. Nathir, Kanaan, and Tom, admit only that they are residents of this judicial district.

## BACKGROUND

23. Nathir, Kanaan, and Tom, can neither admit nor deny as they lack knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leave GM to its proofs.

24. Nathir, Kanaan, and Tom, can neither admit nor deny as they lack knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leave GM to its proofs.

25. Nathir, Kanaan, and Tom, can neither admit nor deny as they lack knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leave GM to its proofs.

26. Nathir, Kanaan, and Tom, can neither admit nor deny as they lack knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leave GM to its proofs.

27. Nathir, Kanaan, and Tom, can neither admit nor deny as they lack knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leave GM to its proofs.

28. Nathir, Kanaan, and Tom, admit only that QCP is in the business of selling replacement parts for automotive vehicles, including GM vehicles. Nathir, Kanaan, and Tom, otherwise deny the allegations in this numbered paragraph.

29. Nathir, Kanaan, and Tom, deny infringement, willful or otherwise, of any valid patent, or any other wrongdoing. Nathir, Kanaan, and Tom, neither admit nor deny the allegations as to the quotes included in this numbered paragraph because the referenced exhibits speak for themselves and constitute the best evidence of their contents.

30. Denied.

31. Nathir, Kanaan, and Tom, neither admit nor deny the allegations as to the quotes included in this numbered paragraph because the referenced exhibits speak for themselves and constitute the best evidence of their contents.

32. Denied.

33. Denied.

34. Denied.

35. Nathir, Kanaan, and Tom, admit only that in July 2022, CPB seized parts. Nathir, Kanaan, and Tom, otherwise deny the allegations in this numbered paragraph.

36. Nathir, Kanaan, and Tom, can neither admit nor deny as they lack knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leave GM to its proofs. Nathir, Kanaan, and Tom, further deny infringement, whether willful or otherwise, of any valid patent, or any other wrongdoing.

37. Denied.

38. Nathir, Kanaan, and Tom, lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of this numbered paragraph, and therefore leave GM to its proofs. Denied as to the remaining allegations.

39. Nathir, Kanaan, and Tom, admit that QCP received a letter from GM on June 13, 2023, asserting claims of design patent infringement. Nathir, Kanaan, and Tom, otherwise deny the remaining allegations in this numbered paragraph.

40. Nathir, Kanaan, and Tom, admit only that QCP does not have a license. Nathir, Kanaan, and Tom, deny a license is required for QCP's business and deny infringement, willful or otherwise, of any valid patent, or any other wrongdoing.

41. Admitted.

42. Nathir, Kanaan, and Tom, admit only that QCP entered into an agreement with Power regarding the purchase and acquisition of QCP assets by Power for fair and adequate consideration.

43. Nathir, Kanaan, and Tom, Alden can neither admit nor deny as he lacks knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leaves GM to its proofs. By way of further response, Nathir, Kanaan, and Tom, deny that any of the identified assets infringe on any patents.

44. Denied.

45. Denied.

46. Denied.

47. Nathir, Kanaan, and Tom, neither admit nor deny the allegation as to the quotes included in this numbered paragraph because the referenced exhibits

speak for themselves and constitute the best evidence of their contents. Nathir, Kanaan, and Tom, otherwise deny the remaining allegations in this numbered paragraph.

48. Denied.

49. Nathir, Kanaan, and Tom, neither admit nor deny the allegation as to the quotes included in this numbered paragraph because the referenced exhibits speak for themselves and constitute the best evidence of their contents. Nathir, Kanaan, and Tom, otherwise deny the remaining allegations in this numbered paragraph.

50. Denied.

51. Denied.

52. Denied.

53. Admitted.

54. Admitted.

55. Admitted.

56. Nathir, Kanaan, and Tom, admit only that Tom was previously a general manager at QCP and is currently a general manager at Power. Otherwise, denied.

57. Denied.

58. Admitted.

59. Admitted.

60. Admitted.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Nathir, Kanaan, and Tom admit only that QCP is not dissolved as of the time of this filing. Otherwise, denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

**COUNT I**

80. Nathir, Kanaan, and Tom, restate and incorporate by reference each of their responses above as if fully set forth herein.

81. Nathir, Kanaan, and Tom, can neither admit nor deny as they lack knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leave GM to its proofs.

82. Nathir, Kanaan, and Tom, can neither admit nor deny as they lack knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leave GM to its proofs.

83. Denied.

84. Nathir, Kanaan, and Tom, can neither admit nor deny as they lack knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leave GM to its proofs.

85. Nathir, Kanaan, and Tom, neither admit nor deny the allegations because the referenced exhibits speak for themselves and constitute the best evidence of their contents.

86. Nathir, Kanaan, and Tom, neither admit nor deny the allegations because the referenced exhibits speak for themselves and constitute the best evidence of their contents.

87. Denied.

88. Denied.

89. Nathir, Kanaan, and Tom, admit only that QCP entered into an agreement with Power regarding the purchase and acquisition of QCP assets by Power for fair and adequate consideration and that QCP transferred assets to Power in accordance with that agreement. Otherwise, denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Nathir, Kanaan, and Tom, admit only they do not have a license. Nathir, Kanaan, and Tom, otherwise deny the allegations to the extent they suggest a license is necessary.

95. Denied.

**COUNT II**

96. Nathir, Kanaan, and Tom, restate and incorporate by reference each of their responses above as if fully set forth herein.

97. Nathir, Kanaan, and Tom, can neither admit nor deny as they lack knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leave GM to its proofs.

98. Nathir, Kanaan, and Tom, can neither admit nor deny as they lack knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leave GM to its proofs.

99. Denied.

100. Nathir, Kanaan, and Tom, can neither admit nor deny as they lack knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leave GM to its proofs.

101. Nathir, Kanaan, and Tom, neither admit nor deny the allegations because the referenced exhibits speak for themselves and constitute the best evidence of their contents.

102. Nathir, Kanaan, and Tom, neither admit nor deny the allegations because the referenced exhibits speak for themselves and constitute the best evidence of their contents.

103. Denied.

104. Denied.

105. Nathir, Kanaan, and Tom, admit only that QCP entered into an agreement with Power regarding the purchase and acquisition of QCP assets by Power for fair and adequate consideration and that QCP transferred assets to Power in accordance with that agreement. Otherwise, denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Nathir, Kanaan, and Tom, admit only they do not have a license. Nathir, Kanaan, and Tom, otherwise deny the allegations to the extent they suggest a license is necessary.

111. Denied.

**COUNT III**

112. Nathir, Kanaan, and Tom, restate and incorporate by reference each of their responses above as if fully set forth herein.

113. Nathir, Kanaan, and Tom, can neither admit nor deny as they lack knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leave GM to its proofs.

114. Nathir, Kanaan, and Tom, can neither admit nor deny as they lack knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leave GM to its proofs.

115. Denied.

116. Nathir, Kanaan, and Tom, can neither admit nor deny as they lack knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leave GM to its proofs.

117. Nathir, Kanaan, and Tom, neither admit nor deny the allegations because the referenced exhibits speak for themselves and constitute the best evidence of their contents.

118. Nathir, Kanaan, and Tom, neither admit nor deny the allegations because the referenced exhibits speak for themselves and constitute the best evidence of their contents.

119. Denied.

120. Denied.

121. Nathir, Kanaan, and Tom, admit only that QCP entered into an agreement with Power regarding the purchase and acquisition of QCP assets by Power for fair and adequate consideration and that QCP transferred assets to Power in accordance with that agreement. Otherwise, denied.

122. Denied.

123. Denied.

124. Denied.

125. Denied.

126. Nathir, Kanaan, and Tom, admit only they do not have a license. Nathir, Kanaan, and Tom, otherwise deny the allegations to the extent they suggest a license is necessary.

127. Denied.

**COUNT IV**

128. Nathir, Kanaan, and Tom, restate and incorporate by reference each of their responses above as if fully set forth herein.

129. Nathir, Kanaan, and Tom, can neither admit nor deny as they lack knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leave GM to its proofs.

130. Nathir, Kanaan, and Tom, can neither admit nor deny as they lack knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leave GM to its proofs.

131. Denied.

132. Nathir, Kanaan, and Tom, can neither admit nor deny as they lack knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leave GM to its proofs.

133. Nathir, Kanaan, and Tom, neither admit nor deny the allegations because the referenced exhibits speak for themselves and constitute the best evidence of their contents.

134. Nathir, Kanaan, and Tom, neither admit nor deny the allegations because the referenced exhibits speak for themselves and constitute the best evidence of their contents.

135. Denied.

136. Denied.

137. Nathir, Kanaan, and Tom, admit only that QCP entered into an agreement with Power regarding the purchase and acquisition of QCP assets by Power for fair and adequate consideration and that QCP transferred assets to Power in accordance with that agreement. Otherwise, denied.

138. Denied.

139. Denied.

140. Denied.

141. Denied.

142. Nathir, Kanaan, and Tom, admit only they do not have a license. Nathir, Kanaan, and Tom, otherwise deny the allegations to the extent they suggest a license is necessary.

143. Denied.

**COUNT V**

144. Nathir, Kanaan, and Tom, restate and incorporate by reference each of their responses above as if fully set forth herein.

145. Nathir, Kanaan, and Tom, can neither admit nor deny as they lack knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leave GM to its proofs.

146. Nathir, Kanaan, and Tom, can neither admit nor deny as they lack knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leave GM to its proofs.

147. Denied.

148. Nathir, Kanaan, and Tom, can neither admit nor deny as they lack knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leave GM to its proofs.

149. Nathir, Kanaan, and Tom, neither admit nor deny the allegations because the referenced exhibits speak for themselves and constitute the best evidence of their contents.

150. Nathir, Kanaan, and Tom, neither admit nor deny the allegations because the referenced exhibits speak for themselves and constitute the best evidence of their contents.

151. Denied.

152. Denied.

153. Nathir, Kanaan, and Tom, admit only that QCP entered into an agreement with Power regarding the purchase and acquisition of QCP assets by

Power for fair and adequate consideration and that QCP transferred assets to Power in accordance with that agreement. Otherwise, denied.

154. Denied.

155. Denied.

156. Denied.

157. Denied.

158. Nathir, Kanaan, and Tom, admit only they do not have a license. Nathir, Kanaan, and Tom, otherwise deny the allegations to the extent they suggest a license is necessary.

159. Denied.

**COUNT VI**

160. Nathir, Kanaan, and Tom, restate and incorporate by reference each of their responses above as if fully set forth herein.

161. Nathir, Kanaan, and Tom, can neither admit nor deny as they lack knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leave GM to its proofs.

162. Nathir, Kanaan, and Tom, can neither admit nor deny as they lack knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leave GM to its proofs.

163. Denied.

164. Nathir, Kanaan, and Tom, can neither admit nor deny as they lack knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leave GM to its proofs.

165. Nathir, Kanaan, and Tom, neither admit nor deny the allegations because the referenced exhibits speak for themselves and constitute the best evidence of their contents.

166. Nathir, Kanaan, and Tom, neither admit nor deny the allegations because the referenced exhibits speak for themselves and constitute the best evidence of their contents.

167. Denied.

168. Denied.

169. Nathir, Kanaan, and Tom, admit only that QCP entered into an agreement with Power regarding the purchase and acquisition of QCP assets by Power for fair and adequate consideration and that QCP transferred assets to Power in accordance with that agreement. Otherwise, denied.

170. Denied.

171. Denied.

172. Denied.

173. Denied.

174. Nathir, Kanaan, and Tom, admit only they do not have a license. Nathir, Kanaan, and Tom, otherwise deny the allegations to the extent they suggest a license is necessary.

175. Denied.

**COUNT VII**

176. Nathir, Kanaan, and Tom, restate and incorporate by reference each of their responses above as if fully set forth herein.

177. Nathir, Kanaan, and Tom, can neither admit nor deny as they lack knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leave GM to its proofs.

178. Nathir, Kanaan, and Tom, can neither admit nor deny as they lack knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leave GM to its proofs.

179. Denied.

180. Nathir, Kanaan, and Tom, can neither admit nor deny as they lack knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leave GM to its proofs.

181. Nathir, Kanaan, and Tom, neither admit nor deny the allegations because the referenced exhibits speak for themselves and constitute the best evidence of their contents.

182. Nathir, Kanaan, and Tom, neither admit nor deny the allegations because the referenced exhibits speak for themselves and constitute the best evidence of their contents.

183. Denied.

184. Denied.

185. Nathir, Kanaan, and Tom, admit only that QCP entered into an agreement with Power regarding the purchase and acquisition of QCP assets by Power for fair and adequate consideration and that QCP transferred assets to Power in accordance with that agreement. Otherwise, denied.

186. Denied.

187. Denied.

188. Denied.

189. Denied.

190. Nathir, Kanaan, and Tom, admit only they do not have a license. Nathir, Kanaan, and Tom, otherwise deny the allegations to the extent they suggest a license is necessary.

191. Denied.

**COUNT VIII**

192. Nathir, Kanaan, and Tom, restate and incorporate by reference each of their responses above as if fully set forth herein.

193. Nathir, Kanaan, and Tom, can neither admit nor deny as they lack knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leave GM to its proofs.

194. Nathir, Kanaan, and Tom, can neither admit nor deny as they lack knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leave GM to its proofs.

195. Denied.

196. Nathir, Kanaan, and Tom, can neither admit nor deny as they lack knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leave GM to its proofs.

197. Nathir, Kanaan, and Tom, neither admit nor deny the allegations because the referenced exhibits speak for themselves and constitute the best evidence of their contents.

198. Nathir, Kanaan, and Tom, neither admit nor deny the allegations because the referenced exhibits speak for themselves and constitute the best evidence of their contents.

199. Denied.

200. Denied.

201. Nathir, Kanaan, and Tom, admit only that QCP entered into an agreement with Power regarding the purchase and acquisition of QCP assets by

Power for fair and adequate consideration and that QCP transferred assets to Power in accordance with that agreement. Otherwise, denied.

202. Denied.

203. Denied.

204. Denied.

205. Denied.

206. Nathir, Kanaan, and Tom, admit only they do not have a license. Nathir, Kanaan, and Tom, otherwise deny the allegations to the extent they suggest a license is necessary.

207. Denied.

**COUNT IX**

208. Nathir, Kanaan, and Tom, restate and incorporate by reference each of their responses above as if fully set forth herein.

209. Nathir, Kanaan, and Tom, can neither admit nor deny as they lack knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leave GM to its proofs.

210. Nathir, Kanaan, and Tom, can neither admit nor deny as they lack knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leave GM to its proofs.

211. Denied.

212. Nathir, Kanaan, and Tom, can neither admit nor deny as they lack knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leave GM to its proofs.

213. Nathir, Kanaan, and Tom, neither admit nor deny the allegations because the referenced exhibits speak for themselves and constitute the best evidence of their contents.

214. Nathir, Kanaan, and Tom, neither admit nor deny the allegations because the referenced exhibits speak for themselves and constitute the best evidence of their contents.

215. Denied.

216. Denied.

217. Nathir, Kanaan, and Tom, admit only that QCP entered into an agreement with Power regarding the purchase and acquisition of QCP assets by Power for fair and adequate consideration and that QCP transferred assets to Power in accordance with that agreement. Otherwise, denied.

218. Denied.

219. Denied.

220. Denied.

221. Denied.

222. Nathir, Kanaan, and Tom, admit only they do not have a license. Nathir, Kanaan, and Tom, otherwise deny the allegations to the extent they suggest a license is necessary.

223. Denied.

**COUNT X**

224. Nathir, Kanaan, and Tom, restate and incorporate by reference each of their responses above as if fully set forth herein.

225. Nathir, Kanaan, and Tom, can neither admit nor deny as they lack knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leave GM to its proofs.

226. Nathir, Kanaan, and Tom, can neither admit nor deny as they lack knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leave GM to its proofs.

227. Denied.

228. Nathir, Kanaan, and Tom, can neither admit nor deny as they lack knowledge or information sufficient to form a belief as to the truth of the allegations included in this numbered paragraph, and therefore leave GM to its proofs.

229. Nathir, Kanaan, and Tom, neither admit nor deny the allegations because the referenced exhibits speak for themselves and constitute the best evidence of their contents.

230. Nathir, Kanaan, and Tom, neither admit nor deny the allegations because the referenced exhibits speak for themselves and constitute the best evidence of their contents.

231. Denied.

232. Denied.

233. Nathir, Kanaan, and Tom, admit only that QCP entered into an agreement with Power regarding the purchase and acquisition of QCP assets by Power for fair and adequate consideration and that QCP transferred assets to Power in accordance with that agreement. Otherwise, denied.

234. Denied.

235. Denied.

236. Denied.

237. Denied.

238. Nathir, Kanaan, and Tom, admit only they do not have a license. Nathir, Kanaan, and Tom, otherwise deny the allegations to the extent they suggest a license is necessary.

239. Denied.

**COUNT XI**

240. Nathir, Kanaan, and Tom, restate and incorporate by reference each of their responses above as if fully set forth herein.

241. Denied.

242. Nathir, Kanaan, and Tom, admit only that QCP entered into an agreement with Power regarding the purchase and acquisition of QCP assets by Power for fair and adequate consideration, and that QCP transferred assets to Power in accordance with that agreement. Nathir, Kanaan, and Tom, deny the remaining allegations in this numbered paragraph.

243. Denied.

244. Denied.

245. Denied.

246. Admitted.

247. Admitted.

248. Admitted.

249. Denied.

250. Nathir, Kanaan, and Tom, admit only that QCP entered into an agreement with Power regarding the purchase and acquisition of QCP assets by Power for fair and adequate consideration, and that QCP transferred assets to Power in accordance with that agreement. Nathir, Kanaan, and Tom, deny the remaining allegations in this numbered paragraph.

251. Denied.

252. Denied.

253. Denied.

## COUNT XII

254. Nathir, Kanaan, and Tom, restate and incorporate by reference each of their responses above as if fully set forth herein.

255. Denied.

256. Admitted.

257. Admitted.

258. Nathir, Kanaan, and Tom, admit only that QCP entered into an agreement with Power regarding the purchase and acquisition of QCP assets by Power for fair and adequate consideration, and that QCP transferred assets to Power in accordance with that agreement. Nathir, Kanaan, and Tom, deny the remaining allegations in this numbered paragraph.

259. Denied.

260. Denied.

261. Admitted.

262. Denied. By way of further response, the transaction at issue occurred between QCP and Power.

263. Denied.

264. Denied.

265. Nathir, Kanaan, and Tom, admit only that QCP entered into an agreement with Power regarding the purchase and acquisition of QCP assets by Power for fair and adequate consideration, and that QCP transferred assets to Power in accordance with that agreement. Nathir, Kanaan, and Tom, deny the remaining allegations in this numbered paragraph.

266. Denied.

267. Denied.

WHEREFORE, Nathir, Kanaan, and Tom, respectfully request that this Court dismiss GM's First Amended Complaint with prejudice and award Nathir, Kanaan, and Tom, all attorney fees and costs incurred in defense of this action.

## AFFIRMATIVE DEFENSES

Defendants Nathir Hermez ("Nathir"), Kanaan Hermez ("Kanaan"), and Tom Hermez, ("Tom"), by and through their attorneys, Paesano Akkashian, PC, state as follows for their affirmative defenses to the First Amended Complaint of Plaintiff/Counterclaim-Defendant GM Global Technology Operations, LLC ("GM"):

1. The Asserted GM Patents referenced throughout the First Amended Complaint are each invalid under one or more sections of 35 U.S.C. §§101, 102, 103, 112, and 171.

2. GM comes to this action with unclean hands as related to the way it pursued whatever patent rights it possessed prior to this case.

3. The Asserted GM Patents referenced throughout the First Amended Complaint each claim functional subject matter and are ineligible for design patent prosecution.

4. The First Amended Complaint fails to state a claim upon which relief can be granted.

5. GM has not suffered any damages.

6. GM failed to mitigate damages.

7. Any alleged wrongful acts and/or incidents and/or occurrences complained of by GM did not occur as stated by GM or did not occur at all.

8. Nathir, Kanaan, and Tom, did not infringe the Asserted GM Patents referenced throughout the First Amended Complaint.

9. Nathir, Kanaan, and Tom, did not willfully infringe the Asserted GM Patents so as to justify the imposition of increased damages allowed under 35 U.S. Code § 284.

10. Nathir, Kanaan, and Tom, did not willfully infringe the Asserted GM Patents or otherwise act or conduct themselves so as to make this an exceptional case allowing for the awarding of attorney fees as contemplated by 35 U.S. Code § 285.

11. GM's claims are barred by the applicable statute of limitations.

12. Any asset transfers occurring between QCP and Power were conducted in good faith and for reasonably equivalent value.

13. Any alleged asset transfers between QCP and Power did not include Power's assumption of QCP liabilities.

Nathir, Kanaan, and Tom, reserve the right to amend these affirmative defenses to raise each and every other defense to which they may become entitled based on the facts that shall be disclosed or discovered during the pendency of discovery or of further proceedings in this action.

Respectfully submitted:

PAESANO AKKASHIAN, PC

By: <u>*/s/ Matthew J. Enright*</u>

Brian M. Akkashian (P55544)
Devin W. Bone (P78853)
Matthew J. Enright (P85951)
Attorneys for Defendants Nathir, Kanaan, and Tom
7457 Franklin Road, Suite 200
Bloomfield Hills, Michigan 48301
(248) 792-6886
bakkashian@palawyers.com
dbone@palawyers.com
menright@palawyers.com

Dated: February 25, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on February 25, 2026, I filed the foregoing document using the court's CM/ECF, which will send notification of such filing on all registered counsel.

*/s/ Matthew J. Enright*
Matthew J. Enright (P85951)