UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GM GLOBAL TECHNOLOGY OPERATIONS, LLC,

Plaintiff/Counter-Defendant,

v.

QUALITY COLLISION PARTS, INC.,

Defendant/Counter-Plaintiff,

v.

GENERAL MOTORS COMPANY, INC. and GENERAL MOTORS, LLC.,

Counter-Defendants.
_______________________________/

Case No. 2:23-cv-13026

Denise Page Hood
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

**ORDER REGARDING ECF NOS. 142 & 161**

Pending before the Court is Howard & Howard Attorneys PLLC's ("Howard & Howard") *Renewed Motion for Attorney's Lien* (ECF No. 142) and accompanying *Renewed Motion to Seal* (ECF No. 161). Howard & Howard represented Defendant/Counter-Plaintiff Quality Collision Parts, Inc. in this action until the Court granted the firm's motion to withdraw as counsel on December 16, 2025. (ECF No. 135). Howard & Howard moved for an attorney's lien at that time, but the Court denied the request finding Howard & Howard had failed to support its motion with specific facts. (ECF Nos. 132, 135). Howard & Howard's

renewed motion for an attorney's lien is fully briefed and ready for the Court's consideration.

## I. Howard & Howard's Renewed Motion to Seal its Renewed Motion for an Attorney's Lien (ECF No. 161)

The Court first addresses Howard & Howard's Renewed Motion to Seal (ECF No. 161). Howard & Howard seeks leave to file certain exhibits in support of its motion for an attorney's lien under seal. Howard & Howard states that these documents "are highly sensitive communications between attorney and client[] and would not ordinarily be filed with a court but for th[is] Court's request . . . ." (*Id.* at PageID.5042). Further, Howard & Howard represents these documents contain attorney-client protected information and are subject to protection under Michigan Rule of Professional Conduct 1.6. (*Id.*)

Examining the information Howard & Howard seeks to protect from public disclosure, the Court is persuaded that such information should be protected. Exhibit A is the engagement agreement between Howard & Howard and Defendant/Counter-Plaintiff defining the terms of Howard & Howard and Defendant/Counter-Plaintiff's attorney client relationship. (ECF No. 144, PageID.4157-66). Exhibit B contains emails sent between Howard & Howard and Defendant/Counter-Plaintiff during their attorney-client relationship. (*Id.* at PageID.4167–81). Exhibit C contains itemized billing statements for work Howard & Howard had completed on Defendant/Counter-Plaintiff's behalf. (*Id.* at

PageID.4182–4240). All of these documents contain privileged and confidential information relating to the attorney-client relationship, which would not ordinarily be publicly disclosed.

The Sixth Circuit has long recognized a "strong presumption in favor of openness" in court records. *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016) (citing *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)). The "heavy" burden of overcoming that presumption rests with the party seeking to seal the records. *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016). With respect to "civil litigation," the Sixth Circuit has remarked that "information covered by a recognized privilege (such as attorney-client privilege) . . . is typically enough to overcome the presumption of access." *Id*. at 308.

As the information at issue here is sensitive attorney-client communications, Howard & Howard has overcome the presumption in favor of openness and the Court finds sufficient cause to allow Howard & Howard to file its motion and these exhibits under seal.

## II. Howard & Howard's Renewed Motion for An Attorney's Lien (ECF No. 142)

Howard & Howard moves the Court for the entry of an attorney's charging lien against any potential recovery received by Defendant/Counter-Plaintiff here.

Howard & Howard represents that Defendant/Counter-Plaintiff accrued a sizable balance of unpaid legal fees in the instant case prior to Howard & Howard's withdrawal as Defendant/Counter-Plaintiff's attorneys. (ECF No. 142). Howard & Howard avers that these unpaid fees were ultimately the reason Howard & Howard was forced to withdraw as Defendant/Counter-Plaintiff's counsel and that Defendant/Counter-Plaintiff has already agreed that a lien for these sums may be placed against any potential judgment given the language of its original representation agreement with Defendant/Counter-Plaintiff and the billing invoices sent. (ECF Nos. 132, 142, 144).

Defendant/Counter-Plaintiff, through its current attorneys, Paesano Akkashian, PC, filed a response in opposition to Howard & Howard's motion. (ECF No. 149). Defendant/Counter-Plaintiff argues that the entry of an attorney's lien on the docket would be premature as this case is still prejudgment. (*Id.* at PageID.4424). Defendant/Counter-Plaintiff argues that although Michigan law "recognizes a common law attorney's lien on a judgment or fund resulting from the attorneys services . . . no lien attaches before judgment except by special agreement such as a contingent fee agreement," therefore the entry of an attorney's lien on the docket would be premature. (*Id.*). Defendant/Counter-Plaintiff argues that the language in the representation agreement conditions Howard & Howard's right to an attorney's lien upon a judgment first being entered in

Defendant/Counter-Plaintiff's favor. (*Id.*). Defendant/Counter-Plaintiff further argues that although Howard & Howard may have an equitable right to a charging lien once a judgment has been entered, the amount of any charging lien is currently unknowable as "it can not be said what efforts, if any, of Howard & Howard's contributed to obtaining a judgment in [Defendant/Counter-Plaintiff's] favor." (*Id.* at PageID.4425).

Michigan recognizes two types of attorneys' liens: "(1) a general, retaining, or possessory lien, or (2) a special, particular, or charging lien." *George v. Sandor M. Gelman, P.C.*, 201 Mich. App. 474, 476 (1993). A general or retaining lien allows the attorney to hold onto possession of certain documents, money, or assets of the client until the attorney's fee is paid. *Id*. "The special or charging lien is an equitable right to have the fees and costs due for services secured out of the judgment or recovery in a particular suit." *Id*. Such liens are not codified but governed entirely by case law. *Id*.

"It is well settled under Michigan law that attorney's charging liens 'automatically attach to funds or a money judgment recovered through the attorney's services.'" *Laborers Pension Tr. Fund-Detroit & Vicinity v. Interior Exterior Specialists Co.*, 824 F. Supp. 2d 764, 774 (E.D. Mich. 2011) (citing *George*, 201 Mich. App. at 477). Although the attachment of such a lien happens automatically, such attachment does not occur until a final settlement is reached or

judgment is entered. *Id.* The Michigan Supreme Court has held that regarding attorney's liens there is "no lien before judgment, except by special agreement." *Grand Rapids & Ind. Ry. Co. v. Cheboygan Cir. Judge*, 161 Mich. 181, 189, 126 N.W. 56, 59 (1910) (hereinafter "*Grand Rapids*"). Thus, a charging lien can arise in one of two instances: either an attorney has an attorney's charging lien supported by equity, which only arises into existence when a judgment is entered, or an attorney may have a prejudgment charging lien if such a lien is explicitly provided to the attorney through contract. *See Laborers Pension Tr. Fund-Detroit & Vicinity*, 824 F. Supp. 2d 764, 774 (E.D. Mich. 2011) (examining entitlement to attorney's charging liens in this way); *see also Shank v. Lippman*, 249 Mich. 22, 25, 227 N.W. 710, 711 (1929) ("[A]n attorney has a lien upon a judgment . . . . This lien . . . does not rest upon contract for a lien. It is not the same as the contingent fee or other lien which attaches to a cause of action before judgment, and has its basis in contract.")

As judgment has yet to be entered in this case, the attorney's charging lien that may be provided to Howard & Howard in equity has yet to arise into existence. Seemingly acknowledging this, Howard & Howard argues the representation agreement executed between Defendant/Counter-Plaintiff and itself is a special agreement that contractually entitles it to a lien prior to entry of a judgment. (ECF No. 155, PageID.4562). This reading overstates the text of the

contract. In relevant part the agreement states, "[i]f a monetary judgment or award is made in your favor, you agree that we shall have a lien on the proceeds to the extent of any unpaid fees, disbursements or other charges." (ECF No. 144, PageID.4163). The plain language of the agreement conditions Howard & Howard's lien upon a monetary judgment or award. By the agreement's own terms and structure, a monetary judgment or award is a condition precedent to Defendant/Counter-Plaintiff's agreement that Howard & Howard would have lien on the proceeds. In the absence of a monetary judgment or award, there is no agreement between Defendant/Counter-Plaintiff that Howard & Howard would have a lien. In this way, the agreement merely formalizes Howard & Howard's equitable right under Michigan common law to an attorney charging lien for its services rendered once a judgment is entered.

Howard & Howard cites no case law persuading this Court to interpret its representation agreement any differently. (ECF No. 152). The only case Howard & Howard cites in support of its conclusion that the representation agreement is a special agreement entitling it to a prejudgment lien is *Grand Rapids*. (*Id.* at PageID.4562) (citing *Grand Rapids*, 126 N.W. at 189 (1910)). In *Grand Rapids*, while the Michigan Supreme Court upheld the standard rule that an attorney's lien does not exist until a judgment has been entered absent a special agreement, the court found the contingency fee contract which explicitly notated that the attorney

would have a lien against the client's recovery to be a special agreement that brought the attorney's lien into existence before judgment. *Id.* That said, unlike the language used by Howard & Howard, the contractual language in *Grand Rapids* was not conditional. *Id.* at 185 (quoting representation contract as stating ". . . second parties shall have a lien on any judgment or money that may be obtained from said railroad company"). It was simply agreed that the attorney would have a lien against any judgment or recovery. *Id.* This agreement created a contractual lien that arose contemporaneously and excepted the lien from the common law understanding that an attorney's liens would not exist prior to judgment. *Id*. at 189.

Howard & Howard has not contractually created such a lien here. As stated above, the terms of the contract between Howard & Howard and Defendant/Counter-Plaintiff merely formalize Howard & Howard's entitlement to an attorney's lien under the same temporal conditions that exist under common law. There is no agreement between Howard & Howard and Defendant/Counter-Plaintiff that Howard & Howard would have a lien prior to judgment.

Even so, Howard & Howard asks this Court to order the entry of an attorney's lien on the docket before judgment has been entered. But this Court is bound by the decisions of the Michigan Supreme Court on matters of Michigan law. The Michigan Supreme Court was clear in its pronouncement that there

would be no attorney's liens "before judgment except by special agreement." Because no such agreement contemplating a prejudgment attorney's lien exists here, the Court finds movant's motion to be premature.[1]

In holding movant's motion for an attorney's lien to be premature, the Court makes no finding or determination as to the value of Howard & Howard's requested lien or its proper calculation. *See Eldridge v. Eldridge*, 2024 WL 1596941, at *3 (Mich. Ct. App. Apr. 11, 2024) (citing *Slater v Ohio Dep't of Rehab. and Corr.*, 111 N.E.3d 492, 501 (Ohio Ct. App. 2018) ("Without a judgment or fund, there can be no attorney charging lien, as there is nothing upon which to attach this lien and any argument over the legal aspects of that lien become moot.")

[1] Separately, the Court is unconvinced that Howard & Howard's motion for an attorney's lien is necessary. Under Michigan law, an attorney's lien arises out of the law itself and "[n]otice to the judgment debtor or other person dealing with the judgment is not a requisite of the lien, although want of notice may preclude its enforcement in some circumstances. *Shank v. Lippman,* 249 Mich. 22, 25 (1929). "An attorney's lien is enforceable against a third party if the third party has 'actual notice' or if circumstances known to the third party are such that the third party ought to have inquired as to the claim of the attorney." *Miller v. Detroit Auto. Inter-Ins. Exch.,* 139 Mich. App. 565, 569 (1984). Howard & Howard's equitable right to an attorney's lien arose under common law by virtue of its representation of Defendant/Counter-Plaintiff and it will attach automatically upon judgment. All parties involved would likely have some knowledge of Howard & Howard's earlier involvement in the case and the likelihood that Howard & Howard would have an attorney's lien upon judgment. This Court cannot identify any requirement that Howard & Howard receive a court order acknowledging the existence of its claimed attorney's lien in order to be able to enforce it and courts in similar situations have declined to order similar relief. *See P & G Constr. Consultants, LLC v. Nationwide Gen. Ins. Co.,* 2021 WL 4851064, at *2 (W.D. Tenn. Oct. 18, 2021).

Accordingly, Howard & Howard's *Renewed Motion to Seal* (ECF No. 161) is **GRANTED** and *Renewed Motion for an Attorney's Lien* (ECF No. 142) is **DENIED** without prejudice.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: August 31, 2026

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge